Dennison v. Smith.

---

DENNISON, Appellant, v. SMITH *et al.*, Respondent.

<div style="float:right">26 487<br>166 180<br>26 487<br>96a 509</div>

1. To enable a party to maintain an action of forcible entry and detainer it is not necessary that the entry should be with *actual* force; it is sufficient if the entry be made against the will of the party in actual lawful possession.

*Appeal from St. Louis Land Court.*

*Cline & Jamison,* for appellant.

*Shreve,* for respondents.

NAPTON, Judge, delivered the opinion of the court.

The sixteenth section of the act concerning forcible entry and detainer declares that " the complainant shall not be compelled to make further proof of the forcible entry and

detainer than that he was lawfully possessed of the premises, and that the defendant unlawfully entered into and detained or unlawfully detained the same."

Where an entry is made upon land against the will of the party in actual lawful possession, the party from whom the possession is withheld is entitled to his action. No actual force is necessary to be proved. (Warren v. Ritter, 11 Mo. 356; Cathcart v. Walter, 14 Mo. 17.) The court instructed the jury that the plaintiff could not recover. We do not consider the testimony of a character that would justify such an instruction. There was certainly evidence to show an entry " with strong hand"—five or six men on horseback, armed with guns and pistols, approaching the house during the temporary absence of the occupant, and their appearance and manner being sufficiently " threatening" to induce some laborers on the place in the employment of plaintiff to leave suddenly, in the midst of their days' work, without asking any questions. True, no actual menaces were proved; none, it seems, were necessary. Their appearance and manner may have sufficiently indicated their purpose to render threats unnecessary. This was a matter for the jury.

We are unable to see why the conversation between plaintiff and defendant, occurring after the entry, was excluded. Something had been said on cross-examination about the plaintiff's consent to this intrusion. This conversation might have fully explained the truth of this matter. Besides, the defendant's admission would be evidence against him on other grounds.

The judgment is reversed and the cause remanded; the other judges concur.