————o————

HAMILTON DE GRAW, Respondent, *vs.* WILLIAM PRIOR, Appellant.

1. *Practice, civil—Exceptions not saved on trial below.*—When exceptions, are not saved at the time, the rulings of lower courts will not be reviewed above.

2. *Court sitting as a jury—Conflict of evidence—Instructions, etc.*—Where the court sits as a jury, and the evidence is conflicting, it errs in giving an instruction, that upon the evidence plaintiff is entitled to recover.

3. *Forcible entry and detainer—Possession of defendant—Demand, etc.*—To sustain an action for forcible entry and detainer, defendant must be in actual possession of the premises, or a part thereof, at the institution of the suit.

    To sustain such action, no prior demand for the possession need be made.

4. *Forcible entry and detainer—What possession necessary to maintain.*—To establish the possession necessary to maintain forcible entry and detainer, plaintiff need only show that he entered the premises with a view to holding possession, and that his purpose was lawful. A subsequent merely temporary absence will not deprive him of his right. He must be in actual possession; but may be so either in person or by his agent.

### *Appeal from Carroll Circuit Court.*

*Ray and Ray*, for Appellant.

*L. H. Waters*, for Respondent, cited, Boyce vs. Blake, 2 Dana, 127; Langworthy vs. Myers, 4 Iowa, 18; Miller vs. Northrup, 49 Mo., 397; Fugate vs. Pierce, 49 Mo., 441.

ADAMS, Judge, delivered the opinion of the court.

This was an action for forcible entry and detainer, commenced before a justice of the peace, where the plaintiff recovered judgment, from which the defendant appealed to the Circuit Court.

In the Circuit Court the plaintiff filed a motion to dismiss the appeal, upon the ground that the justice had no jurisdiction to grant the same. The court overruled this motion, and the plaintiff excepted. The plaintiff makes the point then, that the appeal should have been dismissed, because it was not taken in ten days after the judgment was rendered by the justice. No such ground was made by his motion, and the point is not supported by the record. There was no error in overruling the motion to dismiss the appeal.

The defendant also filed a motion to dismiss the suit, upon the ground that the writ was not properly served on him. This motion was overruled, but no exceptions were saved by the defendant. As this point is not properly here, it is not necessary to notice it.

The parties submitted the case for trial to the court. The only questions presented on the trial, and passed on by the court, were, first, whether the plaintiff, prior to the institution of the suit before the justice, was in the actual posses. sion of the land in controversy; and secondly, whether the defendant forcibly and unlawfully entered on his possession. On each of these issues, evidence was given by both parties in support of their respective views of the case. Among other evidence it appeared that plaintiff had given a title bond for the sale and conveyance of the land, to one Webster. But the title bond did not purport to yield or transfer to Webster the plaintiff's possession, if any.

At the close of the evidence, the court at the instance of the plaintiff and against defendant's objections, declared the law to be, "That upon the evidence in this case the plaintiff is entitled to recover."

This instruction is manifestly erroneous. It takes the whole case from the jury, or from the court sitting as a jury, and declares as a matter of law, without any finding upon the evidence, that the plaintiff is entitled to recover. Whether the plaintiff was entitled to recover, depended upon the sufficiency and weight of evidence in the cause on the two questions to be passed upon. It was not for the court but the jury, or,

which is the same thing, the court sitting as a jury, to pass upon the sufficiency and weight of the evidence.

The defendant asked several instructions, which were refused by the court. The first of which reads, " That if it appears from the testimony in this case, that the defendant, Prior, at the date of the commencement of this suit, was not in the actual possession of the real estate in controversy, or any part thereof, then this finding of the court should be for the defendant."

This instruction is substantially correct. The wording of the instruction may be technically wrong and liable to mislead a jury. When there is contradictory evidence, a fact may appear from the plaintiff's evidence to be proved, and the defendant's to be disproved. Instructions or declarations of law must leave the court or jury to find from the evidence on both sides the issue or issues between the parties.

The second instruction, asked by the defendant, is subject to the same objection as the first, and to the further objection that there was no evidence to support it. It assumes that the title bond to Webster transferred the possession from plaintiff to him ; such was not the tenor of the title bond, and therefore this declaration was properly refused.

The defendant's third instruction is predicated upon the idea, that a written demand ought to have been made by the plaintiff on the defendant for the possession, before he instituted his suit. If the plaintiff was entitled to recover at all, he could do so in this case without making any demand. If the plaintiff was in the actual possession, and the defendant without his consent entered upon the land as charged in the complaint, no written demand was necessary. Such entry must be held to be forcible, and not peaceable, within the meaning of our statute.

The defendant's fourth instruction reads, " That the alleged improvement in this case, if it does not appear to have been an actual improvement, and intended for a permanent possession, but only nominal in its character, with a view of preventing others from improving or possessing the same, is not sufficient to entitle the plaintiff to recover."

Whether the plaintiff had such possession as would author- ize him to maintain this action, is a question of fact. The evidence tended to show that he had employed Hill to enter and take possession, and to break ten acres of the land, and that Hill had commenced to plow and had plowed an acre and a half, and only quit temporarily to wait for better weather, and in the meantime possession was taken by the other parties.

A possession must have a commencement, and when it commences, a temporary absence does not deprive the posses- sor of his rights. It is not material for what purpose a party takes possession. It is sufficient that the purpose be lawful, and that he actually enters with a view of holding possession. The defendant's fourth instruction was properly refused.

The fifth and last instruction asked by the defendant was "That from all the facts in this case, the finding should be for .the defendant."

This instruction is subject to the same strictures applied to the plaintiff's instruction. It takes the whole case from the jury. If there was any evidence at all tending to prove that the defendant was guilty, it was proper for the court, sitting. as a jury, to pass on it.

It is urged here that there was no evidence to show that the defendant was in possession at the commencement of the suit.

To maintain this action, it must be proved that the defend- ant was in actual possession at the commencement of the suit. If the defendant was in actual possession either in person or by agent, that would be an actual possession, sufficient to maintain the suit against him. Whether he was so or not was a question of fact for the jury. Whether the parties in the actual possession were his agents or the agents of his son, who claimed the title, was a matter to be passed upon by the court sitting as a jury.

In passing on this question, the court must take into con- sideration, all the evidence on both sides tending to prove or disprove the issue, and be governed by the weight of testi- mony.

For the errors indicated, the judgment will be reversed, and the cause remanded. Judges Vories and Sherwood concur; Judges Napton and Wagner absent.