The State, *Appellant,* v. Heath.

**Criminal Law**: INSTRUCTIONS: COUNTY AUDITOR, AGENT, SERVANT: EMBEZZLEMENT. Upon the trial of an indictment for embezzlement alleged to have been committed by the defendant in the capacity of servant and agent of the county, the proof showed that he held the position of county auditor and that in addition to his salary as auditor he was allowed by the county court and drew a salary as custodian of the funds embezzled. The defense was that these funds came into his hands as auditor, and the court instructed the jury that if they so found they should acquit. The court further instructed the jury as follows: "If he received them (the funds embezzled) whilst he actually held the dual official relation to the county, of auditor and agent, or auditor and servant, and it was his duty to receive them, not as auditor, but as agent or servant, it is immaterial whether he received them as auditor or agent, or as auditor or servant, for the law will not in such case heed such a distinction." *Held,* that taking the instructions together, the latter instruction could not be understood as submitting to the jury the question whether it was the duty of the defendant to receive the money as auditor, or as agent or servant.

*Appeal from St. Louis Court of Appeals.* The case is reported in 8 Mo. App. Rep.

REVERSED.

*J. L. Smith,* Attorney-General, and *Leverett Bell,* for the State.

If the sentence condemned by Judge Hayden be read in connection with the entire charge, it will be found to be unobjectionable under the testimony, and not open to criticism. It does not "submit to the jury the question whether it was the duty of defendant to receive the moneys as auditor, or agent or servant." The jury had already

been told that as a county auditor the defendant was not authorized to receive the moneys in question, that is, he had not the legal right to receive them, and if he received them as auditor, without also holding to the county the relation of agent or servant with respect to the moneys, he could not be convicted. The defense before the jury by the defendant was that he received the moneys as auditor. No other attempt to acquit the prisoner was made. Every hope of escape was rested upon the jury finding the fact to be, that the defendant acted in the premises as auditor, and not as agent or servant. The question whether he did act as auditor, or as agent, or as servant, was a question of fact to be determined by the jury under the evidence submitted to them. The question whether the defendant, as auditor, was entitled to collect the moneys was a question of law, and was determined by the trial court in favor of the defendant, and the jury were told in explicit terms that as auditor he was not entitled to receive the moneys, and if they found he so received them, to acquit the prisoner.

*H. A. Clover* for respondent.

NAPTON, J.—This was an indictment against the defendant, under the statute of 1870, (Wag. Stat., p. 459, § 41,) for embezzling a large amount of money, whilst acting as a servant or agent of the county of St. Louis. There was no question as to the embezzlement, and the defendant was convicted, but the court of appeals reversed the judgment on account of an erroneous instruction, and the only question before this court is whether the instruction given was a ground for reversal. The charge of the court was this:

"Gentlemen of the jury: The indictment in this case contains five counts. The circuit attorney has declined to prosecute the charges embraced in three of them, viz: the second, third and fourth, and these, therefore, are not before you for your consideration.

In the first of the two remaining counts, it is alleged that in the year of 1872, the defendant was by the county court of St. Louis county, appointed and constituted the servant and agent of the county for the purpose of receiving and collecting for safe keeping and transfer into the treasury of the county certain " public moneys," to-wit: moneys belonging to the township school fund and the county public school fund of said county; that by virtue of such appointment, agency and service, he did, as such agent and servant receive for safe keeping and transfer into the treasury of the county, a large amount of such moneys, viz: to the amount of $143,000; that said moneys so received by him belonged to said township school, and county public school funds, and that having so received said moneys into his possession and under his care and control as such agent and servant, and by virtue of his agency and service, he did while he was such agent and servant, unlawfully, fraudulently and feloniously convert the said moneys to his own use, without the assent of said county of St. Louis.

The second of said remaining counts, which is the fifth of the indictment, differs from the first only in this, that instead of charging that the defendant was appointed by the county court, it charges that at his request he was by said court permitted to act as and become the agent and servant of the county for the purpose stated; in other words, the two counts refer to the same matter of complaint and differ only in their averment of the manner by which the defendant's official relation to the county was, if at all, created.

The provision of the statute law of this State under which this prosecution is sought to be maintained, in so far as it relates to this case, is as follows: " If any officer appointed or elected    *    *    *    including as well all officers, agents and servants of incorporated cities and towns as of the State and counties thereof, shall convert to his own use in any manner whatever any portion of the

public moneys      *      *      *      by him received for
safe keeping      *      *      *      transfer or for any other
purpose      *      *      *      by virtue of his office, agency
or service, every such officer, agent or servant shall upon
conviction be punished by imprisonment in the peniten-
tiary for not less than five years.''

As county auditor the defendant was not authorized
by law to receive the moneys in question, that is to say,
by virtue of his office as such solely, he had not the legal
right to receive them. If he received them simply and
only as auditor, and he did not at the time also hold to the
county with respect to these moneys the official relation
either of agent or servant, he cannot be convicted under
this indictment. But if he received them while he actually
held the dual official relation to the county, of auditor and
agent, or auditor and servant, and it was his duty to receive
them, not as auditor, but as agent or servant, it is imma-
terial whether he received them as auditor or agent, or as
auditor or servant, for the law will not in such a case heed
such a distinction.

If the defendant assumed to act and was by the county
court permitted to act as agent or servant of the county
for the purpose of receiving and collecting for safe keep-
ing and transfer into the county treasury the moneys men-
tioned in the indictment, and if he did so act and as such
received and collected said moneys, and for so doing he
claimed and was paid compensation out of the public
moneys of the county, he cannot now be heard to deny his
agency or service with respect to such moneys so received
by him.

If, therefore, from the evidence before you, you believe
and find that the defendant became and was the agent or
servant of the county of St. Louis for the purpose of re-
ceiving or collecting for safe keeping and transfer into the
treasury of the said county the public moneys alleged in
the indictment; that as such agent or servant, and while so
employed, he received and took into his possession and

under his charge, care and control the sum of such money in said indictment charged, or any part thereof; that said money so received by him belonged to the township school fund or the county public school fund of St. Louis county, or both of them, and that having so received and taken it into his possession, he did, at the county of St. Louis, and at some time within three years next before the finding of said indictment, feloniously, fraudulently and unlawfully convert said money, or any part thereof, to his own use without the consent of said county and with the intent so to do, you will find him guilty as charged in the indictment, and unless you so find, you will acquit him. And if you find him guilty, you will assess his punishment at imprisonment in the penitentiary for such time as from the nature and circumstances of the case you deem proper, not, however, less than five years." The verdict was guilty, and the punishment was assessed at ten years in the penitentiary.

The court of appeals reversed the judgment on account of the following words in the instruction : "If he received them whilst he actually held the dual official relation to the county of auditor and agent, or auditor and servant, and it was his duty to receive them, not as auditor, but as agent or servant, it is immaterial whether he received them as auditor or agent, or as auditor or servant, for the law will not in such case heed such a distinction." The previous instructions, and indeed the whole defense set up, were that if the jury believed the moneys were received in the capacity of auditor, the defense was established. There was no dispute about his being auditor; the instruction by the court on this point was clear and decisive. The fact was that the defendant claimed a salary outside of his salary as auditor, and was allowed it for attending to the school fund. We concede that this instruction admits of the interpretation placed on it by the court of appeals, but we think it could not have been so understood by the jury, and was not so understood.* The judgment

of the court of appeals is, therefore, reversed, and that of
the St. Louis criminal court affirmed.    All concur.

*On this point the opinion of the court of appeals, delivered by
Hayden, J., was as follows: It was error to tell the jury that it was im-
material whether the defendant received the moneys as auditor or agent,
or as auditor or servant, or to make it a test and to submit to the jury
the question whether it was the duty of the defendant to receive the
moneys as auditor or agent or servant. The instruction at this point
should have been to the effect that if the defendant held towards the
county the relation of agent or servant, as appointed or permitted so to
act by the county court, and in fact received the moneys not as auditor
but as such agent or servant, then the circumstance that he was auditor
and so acted in other matters in relation to the school loans, was imma-
terial.