JOSEPH WILLIS, Respondent, v. JAMES STEVENS, Appellant.

Kansas City Court of Appeals, February 8, 1887.

1. FORCIBLE ENTRY AND DETAINER—WHAT CONSTITUTES UNDER THE STATUTE.—To maintain the action of forcible entry and unlawful detainer, it is not necessary to prove an entry by defendant with actual force, menace or threat. It is sufficient if the entry be made upon the plaintiff's lawful possession against his consent or will.

2. ——— CHARACTER OF POSSESSION.—The possession of the plaintiff must be *actual*. Any overt act indicating dominion and a purpose to occupy, and not to abandon the premises, will satisfy this requirement.

3. PRACTICE—INSTRUCTIONS—HOW DRAWN TO PREVENT MISLEADING JURY.—Instructions should be predicated of the facts which there is some evidence to support; and it is error to direct the attention of the jury to a *material* fact, not supported by the evidence, under circumstances where it is calculated to mislead the mind of the jury, or to influence their verdict.

APPEAL from Jackson Circuit Court, HON. F. M. BLACK, Judge.

*Reversed and remanded.*

The case is stated in the opinion of the court.

WASH ADAMS and R. H. FIELD, for the appellant.
I.   It appears that when defendant took possession of the premises in question, that he did so peaceably and under the *bona fide* belief that he was the owner of

and not intruding upon the possession or rights of another; he found the house open, the fences down, and nobody upon the premises. Under these circumstances, and for reasons hereinafter stated, the demurrer to the evidence should have been sustained, or the verdict of the jury set aside, because not warranted by the evidence. The statute of forcible entry and detainer was not intended for use in this kind of a case. *Dickinson v. McGuire*, 9 Cal. 48; *Powell v. Lane*, 45 Cal. 677; *Janson v. Brooks*, 29 Cal. 220, 221; *Thompson v. Smith*, 28 Cal. 532.

II. It is well settled that no person can maintain either forcible entry and detainer, or unlawful detainer, unless he is in the actual possession of property entered upon by another at the time of such entry. *Armstrong v. Hendrick*, 67 Mo. 543; *Degraw v. Prior*, 60 Mo. 56; *Laird v. Waterford*, 50 Cal. 315. (*a*) There is no evidence of any authority from the owner to execute the lease, or deliver any keys to plaintiff to get into the house. These facts are not, therefore, any legal evidence or *indicia* of lawful possession. *Michael v. Walsh*, 6 Mo. 346; *McCartney v. Alderson*, 45 Mo. 39. (*b*) The receipt of money paid by plaintiff to ———, on account of rent of property, did not tend to prove possession thereof in plaintiff, and should have been excluded when objected to by defendant. *Res inter alios acta alteri nocere non debet.* (*c*) The evidence fails to show that any person in possession ever surrendered the same to plaintiff, if there was any possession of the premises in question at the time of, or after his alleged lease and before the possession taken by defendant. The acts of plaintiff were acts of ownership, and not *overt indicia of actual possession*, thereof, as distinguished from constructive possession. *Castu v. Tewksberry*, Sup. Ct. Cal. May, 1886, 2 Pac. Rep. 339; *Pennsylvania v. Lemon*, 11 Pa. Rep. 339; *McCartney v. McMullen*, 38 Ill. 237; *McCartney's Adm'r v. Alders*, 45 Mo. 35.

III. In any event the *instructions* of the court

were erroneous in leaving out of view the theory of the abandonment of the premises in question by plaintiff, presented by the evidence at the time of defendant's entry, as last above mentioned, and in submitting to the jury instead thereof, the theory of an intention on the part of the defendant to move into the premises at the time of defendant's entry, when there was no testimony of any such intention then existing. The defendant was injured still more by this instruction. There was no evidence that defendant, or his employes, ever pruned any vines or trees, nor of any intention upon the part of plaintiff to move into the premises existing at the time of defendant's entry, as erroneously assumed in the instructions of the court. The instructions presented by the defendant, and refused by the court, substantially presented the issues raised by the evidence, at least, more so than those given by the court. *Ish v. Chilton*, 26 Mo. 260. The instructions of the court not only fail to point out any act or acts proven that would constitute possession of the premises in question in the plaintiff, but they leave the question of what is possession practically to the jury. This was error, as expressly decided by the Supreme Court of Missouri. *Degraw v. Prior*, 60 Mo. 56. The question as to what is a taking charge and control of property (the term used in instructions given), is as general as the term possession; hence the instruction totally fails to define what act or acts in evidence, if any, would constitute possession, and the jury are left as much in the dark by one generality as by the other.

IV. The *verdict* is not sustained by the evidence. The *charge* is *forcible* entry and detainer, not unlawful detainer. The evidence will not warrant any influence of *force* in the entry complained of. It was at most a wrongful *disseisin*. This cannot sustain a complaint of forcible entry and detainer. *Thompson v. Scott*, 28 Cal. 527; *Curry v. Hendry*, 46 Georgia, 631; *Rouse v.*

*Dean*, 9 Mo. 303 ; *Warren v. Ritter*, 11 Mo. 354 ; *Drennan v. Stifel*, 41 Mo. 208.

HOLLIS & HAMNER, for the respondent.

I. Plaintiff proved himself in the actual possession of the premises at the time of entry by defendant. He took a lease, was given the keys under same, was on the premises, sent his agent or servant who did work on the premises, locked the doors and fastened down the windows. Childs swears, "the day before Mr. Stevens moved in I locked up the house and took the keys with me, all of them." "I left no doors open. I thought I fastened down all the windows." "I locked the doors and fastened the windows." In *McCartney's Adm'r v. Alderson* (45 Mo. 39), the court say : "This possession may be personal or by agent, and it may be by actual occupancy, as by living upon the premises, or by fencing and using the land or lot, * * * or by exclusively holding the keys of an unoccupied building and controlling it." "Nor is it necessary to be always on the land." * * * "Delivery of the keys of the house, it being locked, with the intention of delivering possession, amounted to a delivery of possession." * * * "The defendants having entered by a false key, were ousted by judgment in this form of action." Demurrer could not have been sustained. *McCartney v. Alderson*, 45 Mo. 35 ; *Hoffstteter v. Blattner*, 8 Mo. 276 ; *Bartlett v. Draper*, 23 Mo. 407 ; *Miller v. Tillman*, 61 Mo. 318.

II. The defendant *forcibly* entered. An entry upon real estate against the will of the party in possession is forcible, and the detainer of it afterwards unlawful. *Cathcart v. Walter*, 14 Mo. 17 ; *Dennison v. Smith*, 26 Mo. 487 ; *Wunsch v. Gretel*, 26 Mo. 580 ; *DeGraw v. Prior*, 53 Mo. 313.

III. This court will not invade the province of the jury upon questions of fact. There is but one *exception* to this rule, which will be found in *Lewis v. Railroad*, (76 Mo. 86).

IV. · The only question for this court is regarding
the action of the trial court in giving and refusing in-
:structions. Defendant's first instruction, refused by the
·court, is wrong in law, and based upon an attempted per-
·version of the facts. It is proven beyond controversy, and
:by defendant himself, that he knew of the lease of plaintiff,
:and the payment of rent, and it was his duty to know
·of his possession and of all his rights, and all the condi-
tions of the lease. He bought subject to it. Yates,
who sold it to defendant, swears, "I told 'him what is
provided in the lease." Ewell on Fixtures, ch. 9, p. 316;
*Winfrey v. Work*, 75 Mo. 56. This instruction assumes
as a fact that plaintiff stood by and saw him take pos-
session, in face of the testimony, uncontradicted; that
plaintiff knew nothing of it until told by Childs that
defendant was in the house. The second instruction
refused by the court is subject to the (unfounded) objec-
tion defendant makes to the third instruction given by
the court, viz.: it "leaves the question of what is pos-
session practically to the jury," is, therefore, erroneous.
*DeGraw v. Prior*, 60 Mo. 56; *Hudson v. Railroad*, 53
Mo. 525. The instructions given by the court were as
favorable to the defendant as the testimony would
warrant, and laid down the law governing this class of
cases, as it has been held in this state from the decision
in the case of *Scholar v. Smith* (3 Mo. ——); to the case
of *Gray v. Dryden* (79 Mo. ——). It is true the third
instruction says, "pruned a part of the vines or trees,"
instead of building fence, ·etc., which is shown by
transcript; but it is all work, only intending to show
some act on the part of plaintiff indicative of possession,
and could not have prejudiced the defendant, as the
judgment is for the right party, and in such cases this
court will not reverse. *Grey v. Mo. River Packet Co.*,
64 Mo. 47; *State v. Holmes*, 54 Mo. 153; *Mississippi
R. B. Co. v. Ring*, 58 Mo. 491; *State v. Luce*, 50 Mo.
361.

PHILIPS, P. J.—This is an action for forcible entry and detainer. The action was tried in the circuit court on appeal from a justice's court, where plaintiff had judgment, from which the defendant has again appealed.

There may be some hardship, under the peculiar circumstances of this case, in either affirming or reversing the judgment of the circuit court. But the action is at law based on a positive statute, and the only question with which we are authorized to deal on this appeal is, whether or not there was such error or errors committed by the court in the progress of the trial as to warrant us, according to the rules of law, in awarding a new trial?

The only errors assigned are such as arise on the action of the trial court in refusing an instruction in the nature of a demurrer to the evidence, and in giving and refusing other instructions. We are of opinion that the court did not err in overruling the demurrer to the evidence. The chief contention of counsel for appellant is, that to sustain the action of forcible entry and detainer under our statute the proof must show, in effect, the positive employment of force, or some act of intimidation, by the intruder, or the entry must have been made *mala fides* or even *animus furandi.*

We are not at liberty to follow the rulings touching this subject in other jurisdictions, predicated upon local enactments, or on what may seem to those courts as the better reason of the law. We must follow the language of our own statute, and the directions pointed out by our Supreme Court in construing the same.

Section 2433, Revised Statutes, declares, in express terms, that "the complainant shall not be compelled to make further proof of the forcible entry or detainer, than that he was lawfully possessed of the premises, and that the defendant unlawfully entered into and detained, or unlawfully detained the same."

Conformably to the spirit of this statute our Supreme Court has repeatedly and uniformly held, that to maintain the action of forcible entry and unlawful detainer it is not necessary that the plaintiff should prove an entry by defendant with actual force, menace or threat. It is sufficient if the entry be made upon plaintiff's lawful possession against his consent or will. *Dennison v. Smith*, 26 Mo. 487 ; *Wunsch v. Gretel*, 26 Mo. 107 ; *Krevet v. Meyer*, 24 Mo. 107 ; *McCartney v. Auer*, 50 Mo. 395 ; *DeGraw v. Prior*, 53 Mo. 313.

Richardson, J., in *Wunsch v. Gretel* (*supra*), with characteristic succinctness, referring to the statute above quoted, said :  " The purpose of the statute is to prevent the intrusion of one person on the lawful possession of another without his consent, and to secure a peaceable possession from being changed without authority of law against the will of the occupant. This section of the act excludes the idea that force is a necessary ingredient to give a right of action ; and though neither violence nor threats are used, a party may be guilty of forcible entry and detainer."

So the real issues involved in this controversy are, first, was the plaintiff at the time of the defendant's entry in the lawful, actual possession of the premises, and, second, did the defendant enter thereupon against the will of the plaintiff ?

The possession of the plaintiff must be actual ; but this does not imply that the owner, or occupant, must actually stand upon his property constantly to keep off intruders, or that he must keep his servant or agent there. Any overt acts indicating dominion, and a purpose to occupy, and not to abandon, the premises, will satisfy this requirement. *Warren v. Ritter*, — Mo. — ; *Hoffstetter v. Blattner*, 8 Mo. 276 ; *Bartlett v. Draper*, 23 Mo. 407 ; *King's Adm'r v. St. Louis Gas Light Co.*, 34 Mo. 34 ; *McCartney's Adm'r v. Alderson*, 45 Mo. 36 ; *Miller v. Northup*, 49 Mo. 397 ; *Bradley v. West*, 60 Mo. 60.

The plaintiff's evidence, if credited (and of this the jury were the sole judges), tended to show that he had rented the premises from the admitted owner of the fee. The house and lot at the time of his lease were unoccupied. The key was turned over to the plaintiff's agent, who visited the premises, as he says, several times, examining them to ascertain what repairs were necessary to be made, the place being much out of repair; that preparations were made to procure lumber; and that possibly he had righted a few panels of fence, though this is doubtful; and that he carried the key and locked the house when he left the evening before the defendant's family were found in the same. These were acts, open tokens, of possession tending to show actual possession, and entitled the plaintiff to have the verdict of the jury thereon. *DeGraw v. Prior*, 53 Mo. 316, and cases, *supra*.

II. The defendant's evidence tended to show that a few days subsequent to the making of the lease of the premises under which plaintiff claims, he had purchased the premises from the lessor.

It also appears that a sale of the premises was in the contemplation of the lessor and lessee at the time of making the lease, for it contained a stipulation to the effect, that in case of sale of the premises, if the owner or his assigns should want the possession, he should be entitled to have the same "by a reasonable notice to the lessee, and upon payment to him his reasonable and actual damages and expenses arising upon his leasing said premises."

The evidence further tended to show that plaintiff knew there were some negotiations respecting a sale of the premises to the defendant, and that plaintiff in the event of its accomplishment would share in the commissions; and that the defendant was led to believe that such sale would end the lease; but whether the plaintiff authorized such assurances, or was privy thereto, was a disputable fact. The defendant, who testified as a wit-

ness produced by the plaintiff, stated that when he went to view the premises he found them utterly uninhabitable, and that no one was in possession, nor were there any visible *indicia* of occupancy. That on the morning when he moved in he found the house open, and no one there. That he had no notice of any occupancy, and went in in good faith under his purchase; and at once began making valuable improvements at considerable expense.

On this state of the proofs, he asked, and the court refused, the following instruction:

"1. If the jury believe from the evidence, that the defendant purchased the premises in controversy in good faith, believing that they were vacant and not in the actual possession of any one, and frequently went upon said premises, pending his negotiations for the purchase, and found them unoccupied; the house open, and no one claiming possession; and that the plaintiff knew the defendant was buying said premises, and was about to take possession of said premises, and stood by and saw him take possession thereof, expend his money in moving on said premises with his family, and was repairing and fixing up said house in order to make it tenantable, without making any objection or doing any thing to indicate that he claimed to be in possession, and, by his acts and silence, or both, led the defendant to believe he was not in possession of said premises, and did not object to his moving into said house; then the plaintiff is estopped from claiming said possession, and the plaintiff cannot recover herein, and the jury must find for the defendant."

This instruction is faulty in many important particulars. The title to the property was in no manner involved in this action. If the plaintiff was in the actual occupancy of the premises, the single question was, did the defendant enter thereon with or without the plaintiff's consent? The instruction very adroitly evades the submission directly of this issue to the jury; but

puts forward the integrity of defendant's conduct, his good faith in entering, and in believing in the existence of certain facts, and finding the house unoccupied at the time of his entry. The good faith of the intruder is not involved. It is only the naked act of the intrusion; to be established by the plaintiff, upon his lawful possession. The instruction is, also, faulty in submitting the question to the jury of the plaintiff standing by and seeing the defendant take possession, expending money, etc., on the premises, without objection. There was no evidence before the jury to support such facts. The instruction, too, is based on the theory of an estoppel *in pais.* This is purely an equitable defence, cognizable in a court of equity jurisdiction. Justices of the peace have no equity jurisdiction. *Ridgely v. Stillwell,* 28 Mo. 400, 404.

If the defendant desired to have the jury pass on the question, which his learned counsel has pressed with so much zeal before this court, whether or not the plaintiff, by his acts and conduct, had consented for defendant to enter as and when he did, he should have presented it in direct and intelligible form to the jury by instruction. He will not be permitted to try his case on one theory in the lower court and seek a reversal here on another. *Whetstone v. Shaw,* 70 Mo. 575; *Walker v. Owens,* 70 Mo. 569; *Hyde v. Goldsby,* 25 Mo. Mo. App. ——.

V. The principal difficulty in sustaining this judgment grows out of the following instruction given by the court of its own motion, over the objection of defendant:

"3. The plaintiff to recover in this suit, must show he was in actual possession, but to constitute such possession, it is not necessary that he should have moved into the house. If, preparatory to moving into the house, the plaintiff received the keys to the house, and actually, by himself or with employes, went upon the premises and pruned a part of the vines or trees

thereon, and took charge and control of the property, then such facts will constitute a possession on the part of the plaintiff."

The principal objection to this instruction is in directing the attention of the jury to the fact of plaintiff going "upon the premises and pruning a part of the vines or trees thereon." The record fails to show that there was any evidence of such fact; and indeed counsel for respondent concedes there was no such proof. It is the generally accepted rule that instructions should be predicated of the facts which there is some evidence to support; and it is error to direct the attention of the jury to a *material* fact, not supported by the evidence, under circumstances where it is calculated to mislead the mind of the jury, or to influence their verdict. It has been held that an instruction directing the attention of the jury to a fact not proven, when such fact was not essential to be established to entitle plaintiff to recover, should not occasion a reversal, provided the other facts and acts predicated in the instruction and sustained by the evidence, were sufficient to support the verdict. This, of course, must always be accepted with the qualification that such interpolated fact was not, under the circumstances, of such a character as to likely influence or mislead the mind of the jury. *Gaty v. Sack*, 19 Mo. App. 477, and cases cited; *Brink v. Railroad*, 17 Mo. App. 178.

We are not prepared to say, in view of the slight tokens of visible evidence of plaintiff's actual occupancy of the premises in question, but that this misdirection of the court may have affected the verdict. The only other specific act of possession pointed out in the instruction is the receiving the keys to the house. It does not even require that the jury should believe, as testified to by plaintiff's agent, that the agent locked the house at any time, nor that the house was locked when he so received the keys. Where the premises, as in this case, were not actually occupied by

any one at the time of delivering the keys, as a symbol of delivery of possession, and there is no use of the keys made in going in and out of the house, it is very questionable if such act alone would establish the fact of actual possession so as to support the action of forcible entry as against one ignorant of this fact entering under a purchase from the owner. Of course, if the agent of plaintiff, after receiving the keys, had used them in entering the house, and in locking it when leaving it, or even if the house had been locked when he so received the keys, and he retained them, and went upon the premises to claim and overlook them preparatory to occupancy, such facts were sufficient to go to the jury. But in view of the defendant's evidence that he never saw any one about the premises, exercising any authority over them, and found the house open when he went there to enter, it would be a question of fact for the jury to determine whether the plaintiff had locked the door when he left, or performed other acts of possession.

The other terms of this instruction, "and took charge and control of the property," while not objectionable, perhaps, taken in connection with the other tangible facts submitted in the instruction, are, independently, mere generalities, and standing alone would be obnoxious to the criticism of submitting a question of law to the jury. *DeGraw v. Prior*, 60 Mo. 56. Had the jury, as they might not unreasonably have, been in doubt as to the visible overt acts of the plaintiff indicating actual possession predicated on the mere delivery of the keys and other acts testified to by plaintiff's witnesses, the fact that the court had directed their attention to the pruning of trees or grapes on the premises may have formed or influenced the verdict. The jury, being unlearned in the law and looking with reliant respect to the directions of the court, may have accepted unchallenged the existence of such fact, as being somewhere in the case, otherwise the court would not have adverted to it.

It would be unprofitable to conjecture how the

learned trial judge was led into this misapprehension.
We have to deal with it as an existing fact in this
record ; and we are unable to say, from a careful review
of all the facts and surrounding circumstances of this
case, that the error was not prejudicial to the defendant.
We must, therefore, adopt the only course of safety in
such contingencies, by reversing the judgment and re-
manding the cause for a trial *de novo*. *Moberly v.
Railroad*, 17 Mo. App. 539. It is accordingly so or-
dered. All concur.