MARCELLA TINCHER, Appellant, v. JOHN W. PHILLIPS, Respondent.

Kansas City Court of Appeals, December 2, 1889.

Dower: WIDOW'S QUARANTINE ; PAROL LEASE. Where a decedent makes a parol contract to rent his homestead for a part of the crop and dies before the lessee in fact enters into the possession, and commences to work under the contract, and his administrator receives such part of said crop and converts the same, the widow is entitled to recover the whole proceeds from the administrator.

*Appeal from the Callaway Circuit Court.*—HON. G. H. BURCKHARTT, Judge.

REVERSED AND REMANDED.

*Bailey & Tincher*, for appellant.

(1) This agreement was an executory one, and, while it may not have been void under the statute of frauds by reason of section 3082, Revised Statutes, 1879, had an entry upon said lands been had during intestate's lifetime, was voidable by either party prior to such entry, and did become absolutely void upon intestate's death prior to such entry. 1 Washburn, Real Prop. [4 Ed.] pp. 613 and 614, sec. 31, 32, 33. (2) The entry upon said lands after intestate's death and with the assent or consent of the widow made the parties her agents or servants. As their terms began when they entered and not before. 1 Taylor's Landlord and Tenant [8 Ed.] pp. 79, 80, par. 68. (3) Intestate died seized of said lands. His widow, upon his death, became seized thereof, and consequently entitled to her quarantine in the whole tract. R. S. 1879, sec. 2205 ; *Orrich v. Robbins*, 34 Mo. 226 ; *Roberts v. Nelson*, 86 Mo. 21 ; *Swain v. Bartlow*, 62 Ind. 546. (4) The widow had the right to farm out these lands (*Stokes v. McAllister*, 2 Mo. 163), and the entry upon these lands after intestate's death and with the assent or consent of the widow, whether tacit or expressed, made the parties her agents, servants or tenants, as may be ; hence she and not the administrator was entitled to the rents. (5) The agreement between intestate and the croppers, if not void upon his death for want of entry, did not constitute a lease, in the legal, nor in any, sense of that term, as would debar the widow of her quarantine in the lands in question. The parties took the lands as croppers, not as lessees. The agreement could in no sense constitute an outstanding lease as contemplated in *Orrich v. Robbins, supra ;* 1 Washburn on Real Property [4 Ed.] secs. 1, 2, p. 572 ; *Adams v. McKesson*, 53 Penn. St. 83 ; Boone on the Law of Real Prop., p. 108, sec. 96 ; *Boone v. Stover*, 66 Mo. 430 ; *Woodward v.*

*Conder*, 33 Mo. App. 147 and 152 ; 1 Taylor's Landlord and Tenant [8 Ed.] p. 44, par. 31, 32, 37, 38 ; *Johnson v. Hoffman*, 53 Mo. 504 ; *Kamerick v. Castleman*, 23 Mo. App. 481. (6) If the agreement between intestate and the croppers did not become void upon intestate's death for want of entry prior thereto, and if the contracts between them and intestate constituted leases, the term of the leases began after intestate's death, to-wit, about the fourteenth of March (See Taylor's Landlord and Tenant, cited on second point), hence the intestate died seized, and the widow became entitled to the entire rents. (7) To oust her of her quarantine there must be an outstanding lease—a lease in its technical sense, and the property in the possession of the tenant, so that deceased husband would die disseized. *Swain v. Bartlow*, 62 Ind. 546 ; *Jones v. Jones*, 81 Ind. 292 ; *Hoover v. Agnew*, 91 Ind. 370.

*John A. Hockaday*, for the respondent.

(1) A parol lease of land for a period, not exceeding one year, constitutes, under the statute of frauds, a valid and binding contract between the parties. R. S. 1879, secs. 2513, 3081, 3082 and 2509 ; *Kerr v. Clark*, 19 Mo. 132 ; *Ridgley v. Stillwell*, 28 Mo. 400 ; *State v. Forsythe*, 89 Mo. 667 ; 1 Greenleaf's Cruise, pp. 283, 281 ; 2 Smith's Leading Cases, pp. 179–184. (2) Such a contract possesses all the efficacy of a written lease, and confers the same rights upon the parties to it; and immediate entry is not necessary to preserve such rights. *Hughes v. Hood*, 50 Mo. 350 ; *Austin v. Huntsville Coal Co.*, 72 Mo. 544 ; *Coe v. Clay*, 5 Bingham, 440 ; 1 Platt, Leas. p. 23; Taylor, Land. and Ten. [6 Ed.] p. 11.; 4 Kent Com. [9 Ed.] p. 97 ; 2 Smith's Leading Cases, p. 177 ; *Lafarge v. Mansfield*, 31 Barb. 345. (3) By the terms of the contract in question, Hugh Tincher, the intestate, had divested himself of the

possession, or at least the right of possession to the leased lands until the fall of 1888, and his widow succeeded to no greater right to dominion over the premises than he had at the time of his death. Her quarantine rights were suspended, until the right of possession would have returned to her husband under the contract, if living. This is clearly the spirit of the decision in *Orrick v. Robbins*, 34 Mo. 226; *Michan v. Walsh*, 6 Mo. 346; *Hughes v. Hood*, 50 Mo. 350. (4) The letting of land, for a definite period, for the purpose of cultivation in grain for a share in the crop by way of rent creates the relation of landlord and tenant. Such a contract constitutes a lease and not simply a license. *Kamerick v. Castleman*, 23 Mo. App. 490; *Johnson v. Hoffman*, 53 Mo. 508; *State v. Forsythe*, 89 Mo. 667; *Fenton v. Montgomery*, 19 Mo. App. 156; *Blood v. Spaulding*, 57 Vt. 422; *Hatchell v. Kimbrough*, 4 Jones Law (N. C.) 163; *Rees v. Baker*, 4 Iowa, 461; *Burns v. Cooper*, 31 Penn. State R. 426; *Edson v. Colburn*, 28 Vt. 631; 4 Kent Com. [9 Ed.] 96; *Murray v. Armstrong*, 11 Mo. 210; *Kerr v. Clark*, 19 Mo. 132; *Ridgley v. Stillwell*, 28 Mo. 400; *Allen v. Mansfield*, 82 Mo. 688.

SMITH, P. J.—This case originated in the probate court of Callaway county, and was brought here by appeal from the judgment of the circuit court of that county, upon the following agreed statement:

(1) That Hugh Tincher died at said county on the twenty-ninth day of February, 1888.

(2) That he died the owner of lands in said county described in plaintiff's motion.

(3) That he died intestate, and J. W. Phillips is administrator of his estate, and that the lands were rented before Tincher died, but that the renters did not enter upon them, and commence work until after Tincher's death.

(4) That he left a widow, Marcella Tincher, the plaintiff, and several children. That the dower in lands of deceased has not been assigned to said widow.

(5) That some days or weeks prior to his death he rented, by parol agreement, a large portion of his said lands to several different parties, which lands were a part of home farm on which his mansion house is situated.

(6) That said contracts were that the parties were each to cultivate the land, by them rented, in corn, and as rent to deliver to said deceased two-fifths of the corn grown on each respective part of said lands so rented, and to turn over to said Hugh Tincher the stalk fields when the corn was gathered in the fall of 1888.

(7) That they occupied and cultivated said lands so rented from Hugh Tincher under and by virtue of said contract so made by them and Hugh Tincher, and under no other contract or agreement. That the plaintiff knew of said contract and made no objection.

(8) That under said contracts they were authorized by its terms to enter into possession of said lands at any time, after said rental contracts were made by them and said Tincher, that said lands would do to plow. That they did not commence working said lands however until about the fifteenth of March following.

(9) Except that John Tincher, who took sixty acres of said lands as one of said renters, claims to have commenced work on said lands under said contract before the death of said Hugh Tincher, and so testified. Ed. Tincher testifying that he did not, and the administrator testifying that some plowing had been done on the twelfth of March when he made the inventory.

(10) That all of said renters entered said lands under said contracts.

(11) That said administrator, after the death of said Hugh Tincher, collected the rents due and owing.

under said contracts amounting to $1,601.68, and afterwards sold the stalks to be pastured on the lands for $112.50.

The cause was submitted to the court on this statement of the facts without any declaration of law.

The court found for plaintiff $533.89—one-third of the proceeds of the sale of the corn and $112.50 the entire proceeds of the stalks, and rendered judgment accordingly.

The substantial question presented by the record in this case, and which we must decide, is whether the plaintiff in virtue of her statutory quarantine rights (R. S., sec. 2205) is entitled to the whole of the proceeds arising from the sale of said rent corn and cornstalks in the hands of the defendant, administrator. If the said parol agreement entered into between the deceased Tincher and the other persons named in said agreed statement of facts was a valid and binding lease at the date of the death of said Tincher, then the question must be answered in the negative. *Orrich v. Robbins*, 34 Mo. 226; *Roberts v. Nelson*, 86 Mo. 21; *Wighley v. Beauchamp*, 51 Mo. 544.

On the other hand if this parol agreement did not constitute an outstanding lease on the plantation, or some part thereof, attached to the mansion house at the date of the death of plaintiff's husband, she is clearly entitled, under the law as it is declared in the adjudged cases just cited, to the whole of the said sum.

This brings us to the consideration of the *questio vexata* in the case which is, was there an outstanding lease of the lands in question at the date of the death of the defendant's intestate, or, which is the same thing, were the said parol demises valid and binding at that time? It will be observed that these demises were for less than a year, and the same were not therefore within the interdict of the statute of Frauds. R. S., secs. 2513. 2509; *Huffman v. Starks*, 31 Ind. 474; *Young v. Drake*, 1 Seld. 463.

Leases or demises of this kind are valid, and whatever remedies can be had upon them in their character of leases may be resorted to; but of the right to sue the lessees for damages for not exercising their *interesse termini* is not conferred.

And until entry by the lessees the whole estate and the right of possession remains in the lessor, the lessees having but an *interesse termini* and nothing more. *Union Banking Co. v. Gettings*, 45 Md. 181; *Doe v. Walker*, 5 Bar. & Cr. 111; *Edge v. Stafford*, 1 Cr. & J. 391; *Botlen v. Tomlin*, 5 Ala & El. 836; *Lowe v. Ross*, 5 Exch. 553.

The lessees not having entered into the possession of said lands during the life of the lessor, the whole estate therein including the right of possession was in him at the time of his death, consequently there then was and could not be an outstanding lease thereon which barred the plaintiff's statutory quarantine rights in respect thereto.

It results from these considerations that the plaintiff is entitled to the whole of the proceeds in the hands of the defendant administrator, arising from the sale of said rent corn and cornstalks.

The judgment of the circuit court will therefore be reversed, and the cause remanded to be proceeded upon in accordance with the law as declared in this opinion, which is ordered accordingly.   All concur.