PACIFIC EXPRESS COMPANY, Respondent, v. TYLER OFFICE FIXTURE COMPANY, Appellant.

### St. Louis Court of Appeals, November 9, 1897.

1. **Landlord and Tenant:** VERBAL LEASE: PAROL EVIDENCE: COMPETENCY. In an action for rent under a verbal lease for a term of years, a general objection to the admission of parol evidence to prove the alleged contract of renting, offered in connection with other proof tending to show that defendant took possession of the premises under the agreement, was properly overruled.

2. ———: ———: ENTRY: TENANCY FROM MONTH TO MONTH. An entry into houses in cities and towns under a verbal letting for a term of years, creates a tenancy from month to month, under section 6371, Revised Statutes 1889, and not from year to year, as formerly held, before the enactment of this section, under sections 5182, 5186.

3. ———: ———: INTENTION TO OCCUPY PREMISES: EVIDENCE: JURY QUESTION: ABSENCE OF INSTRUCTIONS: PRESUMPTION. "Any overt act indicating dominion and a purpose to occupy and not to abandon the premises," is sufficient to carry the question of possession to the jury, and to make such possession effectual and continuous, it is not necessary that a party should remain in person upon the premises, or keep his servants there; and where, as in the case at bar, the acts and conduct of defendant were sufficient to bring the question of possession within this rule, this court will assume, in the absence of instructions, that the court below, as the trier of the facts, submitted the question to itself, and, as the judgment shows, that the finding thereon was adverse to defendant.

*Appeal from the St. Louis City Circuit Court.*—HON. JOHN A. TALTY, Judge.

AFFIRMED.

*Collins & Jamison* and *Joseph W. Lewis* for appellant.

There can be no recovery under an oral agreement to lease real estate for a term exceeding one year. R. S. 1889, sec. 5186.

A mere oral agreement to execute a lease for a term exceeding a year creates no tenancy, unless the person

sought to be held as tenant entered into possession. *Gilfoyle v. Cahill*, 41 N. Y. S. 29; *Inman v. Stamp*, 1 Starkie, 12; *Edge v. Stafford*, 1 Cromp. & J. 391. See, also, Pollock & Wright, 80; *Waller v. Morgan*, 18 B. Mon. (Ky.) 136; *Moshier v. Reding*, 12 Me. 478; *Fleming v. Maddox*, 30 Iowa, 240; *Brown v. Volkening*, 64 N. Y. 76–80; *Sullivan v. Sullivan*, 66 *Id.* 37; Taylor on Land and Ten. [8 Ed.], sec. 178.

*A. C. & H. B. Davis* for respondent.

The tenancy is one from month to month. 2 R. S. 1889, sec. 5182; *Kerr v. Clark*, 19 Mo. 132; *Hosli v. Yokel*, 58 Mo. App. 170; *Ridgely v. Stillwell*, 25 Mo. 570; *Ridgely v. Stillwell*, 28 *Id.* 400; *Scully v. Murray*, 34 *Id.* 420; 2 R. S. 1889, sec. 6371; *Hammond v. Douglass*, 50 Mo. 442; *Withnell v. Petzold*, 104 *Id.* 409.

The rent would be due under a verbal contract, if there was a failure to enter into possession. *Winter v. Cherry*, 78 Mo. 344; *Austin v. Coal & Mining Co.*, 72 *Id.* 535.

Appellant was in possession. *Hosli v. Yokel, ante; Bradley v. West*, 60 Mo. 59; *Bank v. Calvin, Id.* 559; *Willis v. Stevens*, 24 Mo. App. 500; *Meriwether v. Howe*, 48 *Id.* 148; *Bradley v. West*, 68 Mo. 160.

The statute can not be interposed in this case. *Winter v. Cherry, ante; Bless v. Jenkins*, 129 Mo. 647.

BIGGS, J.—In November, 1896, the defendant agreed orally to lease from the plaintiff the second and fourth stories of a building in the city of St. Louis for the period of five years, the term to begin on the first day of December following. The plaintiff was to occupy the other stories. The parties contemplated the execution of a written lease in accordance with their agreement, but this was neglected. In pursuance of the agreement, and with the consent of the plaintiff,

the defendant's servants or employes entered into the second story and constructed a platform over that portion of the floor which the defendant intended to use for office purposes. At or about the same time the defendant caused its name to be painted on the glass panels of the doors of the second story, and it also had a large canvas sign put over the windows of the second story. The defendant's name was painted on this sign, and on the sides of the wall at the foot of the entrance to the stairway on the first floor. After the platform was finished the defendant sent its porter to the building, who removed the debris and swept out the room. On account of delay in the construction of the furnace the building was not made ready for permanent occupancy until about the fifteenth of December. About that time the defendant became involved financially, and on the twenty-first of that month it made an assignment, without having moved its office furniture and fixtures into the building. In February following the plaintiff presented a demand for the rent for the entire term to the defendant's assignee. The assignee disallowed the claim and the plaintiff appealed to the circuit court. The cause was submitted to the circuit court without a jury, and the court found that the defendant owed two months' rent, to wit: $416.66$\frac{2}{3}$, less $123, due from plaintiff to defendant. The allowance was made accordingly. From that judgment the defendant has appealed to this court.

No instructions were asked or given and no objection was made to the admission of evidence, except the general objection that parol evidence was LANDLORD and tenant: verbal lease: parol evidence: competency. inadmissible to prove the alleged contract of renting. This objection was properly overruled, if the evidence was offered in connection with other proof which tended to show that the defendant took possession of the premises under

the agreement.    In construing sections 5186 and 5182, Revised Statutes 1889, it is held by the courts of this state that an entry under a verbal lease of farm lands for a term of years creates a tenancy from year to year. *Kerr v. Clark*, 19 Mo. 132; *Ridgely v. Stillwell*, 28 Mo. 400; *Scully v. Murray*, 34 Mo. 420; *Hosli v. Yokel*, 58 Mo. App. 169. The same rule was applied to houses in cities and towns, until the enactment of section 6371, Revised Statutes 1889.    Under this section an entry into such tenements under a verbal letting for a term of years, creates a tenancy from month to month, instead of from year to year. Therefore under this record the only question remaining for decision is, whether there was substantial evidence tending to prove that the defendant took possession of the premises with the view of occupying them under the agreement.    The rule on this subject is, that "any overt act indicating dominion and a purpose to occupy and not to abandon the premises," is sufficient to carry the question of possession to the jury.    *DeGraw v. Prior*, 53 Mo. 316; *Willis v. Stevens*, 24 Mo. App. 494, and authorities cited.    And it has also been held that to make such a possession effectual and continuous, it is not necessary that a party should remain in person upon the premises or that he should keep his servants there.    In the present case we think that the foregoing proof of the acts and conduct of defendant was sufficient to bring the question of possession within the rule.    In the absence of instructions we must assume that the circuit court as the trier of the facts submitted the question to itself, and the judgment shows that the finding thereon must have been adverse to the defendant.

With the concurrence of the other judges the judgment of the circuit court will be affirmed.    It is so ordered.