## IDA B. PECK, Appellant, v. J. J. DUNNEVANT, Respondent.

**St. Louis Court of Appeals, April 19, 1910.**

1. **LANDLORD AND TENANT: Agreement for Lease: Statute: Construction.** The Landlord and Tenant Statute, section 4110, Revised Statutes 1899, providing that all contracts or agreements for the leasing, etc., of stores, houses, etc., not made in writing, signed by the parties thereto, etc., shall be held to be tenancies from month to month, etc., does not raise a monthly tenancy out of an agreement to demise premises for a definite term by a written contract, when the contract is never executed; the statute being intended to operate on all oral lease contracts, no matter for what period, and convert them into monthly tenancies.

2. ——: ——: **Creation of Tenancy.** Where a verbal agreement was made to demise premises for a definite term by a written contract, but the written contract was never executed, the relationship of landlord and tenant did not exist by virtue of the verbal agreement, and in default of the contract, that relationship would not be implied by law until the proposed tenant took possession, thereby signifying a purpose to become a tenant.

3. ——: ——: ——: **Action for Rent Will not Lie.** In such a case, an action for rent under section 4110, Revised Statutes 1899, will not lie, as the relationship of landlord and tenant does not exist; the aggrieved party being left to his ordinary remedy for damages at law, or whatever remedy he may have in equity.

Appeal from St. Louis City Circuit Court.—*Hon. Matt. G. Reynolds*, Judge.

AFFIRMED.

*Julian Laughlin* and *A. R. Russell* for appellant.

(1) The relation of landlord and tenant is established, not by virtue of occupancy of the premises, as the respondent contends, but by the plaintiff hiring the premises to the defendant, who can occupy them or not as he sees fit. 1 McAdam on Landlord and Tenant, p. 52. (2) The relation of landlord and tenant once being established, under the statute is presumed to be from month to month, unless the contrary be shown by written lease, and continues until terminated by mutual consent, operation of law, or by act of either party under the statute.

*Wilfley, McIntyre & Nardin* for respondent.

(1) An instrument or agreement will not be interpreted as a lease of any kind where it appears that it was the intention of the parties that a further formal lease should be executed. Brewing Association v. Niederlueck, 102 Mo. App. 203; Ver Steeg v. Becker, 106 Mo. App. 257. (2) Where there is a mere negotiation or

agreement to enter into a lease, merely stating the annual or monthly rental, and the lessee thereafter refuses to execute the lease submitted, the lessor must show that such a lease was submitted as the lessee had agreed to sign, and he must show this to make out a case on which he can recover, whether he attempts to recover on the lease, or damages for breach of contract to make a lease. Hayden v. Lucas, 18 Mo. App. 325. (3) Under a verbal agreement for leasing property where no possession is delivered, there is no tenancy from month to month under section 4110, R. S. 1899. Express Co. v. Office Fixture Co., 72 Mo. App. 151; Hardy v. Winter, 38 Mo. App. 106; Tincher v. Phillips, 37 Mo. App. 621; McKinley v. Railroad, 40 Mo. App. 456. (4) Where there is possession of property under any kind of contract or agreement to lease, in such case section 4110, R. S. 1899, applies to make tenancy one from month to month. Clark v. Thatcher, 9 Mo. App. 436.

GOODE, J.—Plaintiff sued for the rent of a dwelling house on Cates avenue in St. Louis, No. 6049, for the months from November, 1907, to March, 1908, inclusive, that is, four months at $55 a month or $220, less a credit of $10. The action went from the magistrate's court to the circuit court where the defendant had judgment and plaintiff appealed. The facts are these: The premises were in the charge of Woolley & Fish, as rental agents, to whom the wife of defendant Dunnevant applied about the middle of October, 1907, to rent the property. She informed Mr. Woolley what improvements she wanted made and left a deposit of ten dollars with him to bind the rental. Plaintiff or her husband arranged with the tenant, who was then in occupancy and whose term would expire on November 14th, to move out three or four days before the first of November, in order to enable plaintiff to make the improvements desired by defendant. The understanding between de-

fendant's wife and Mr. Woolley was defendant's term should begin November first at fifty-five dollars a month; that a written lease should be prepared and sent to defendant to execute and he should move in by November first, or a few days before, if he wished. The written lease was prepared by Mr. Woolley and sent to defendant on October 26th to be executed, but meanwhile defendant had read in the newspapers an advertisement of a house on Bartmer avenue which was offered for sale and having found it suited him, purchased it. The result was that when the written lease was received by him, instead of signing it, he took it back to Woolley & Fish and declined to execute it, notifying them it had come too late as he had bought another property. These facts are undisputed, but defendant said the written lease contained terms he would not have agreed to in any event. The property remained vacant until March, when it was rented to another person and, as stated, this action is to recover the rent for the period of vacancy. The only question for decision is whether the property was so far leased to defendant as to make him a monthly tenant under the statute, or whether there was merely an agreement to lease it to him which was not carried out because he refused to execute the contract of lease. The action is under the Landlord and Tenant Statute and cannot be maintained unless the relation of landlord and tenant existed, as counsel for plaintiff admit. Conceding the understanding between plaintiff and defendant that there should be a letting for a definite term (the length of which however is nowhere stated) and the contract should be expressed in a written instrument; conceding, too, this understanding never was consummated, counsel for plaintiff say nevertheless what transpired constituted defendant a tenant of plaintiff from month to month by force of the statute which says "all contracts or agreements for the leasing, renting or occupation of stores, shops, houses, tenements or other buildings in cities, towns and vil-

lages, not made in writing, signed by the parties thereto or their agents, shall be held and taken to be tenancies from month to month and all such tenancies may be terminated by either party thereto, or his agent, giving the other party, or his agent, one month's notice in writing of his intention to terminate such tenancy." [R. S. 1899, sec. 4110.] They contend defendant is liable for the rent for the time the property was vacant because he became plaintiff's tenant from month to month and never terminated the tenancy by written notice in conformity to the statute. It is true the statute says all agreements for the leasing or letting of houses in cities not made in writing shall be taken as tenancies from month to month, but the question is whether that language operates to raise a monthly tenancy out of an agreement to demise premises for a definite term by a written contract, if the contract never is executed. We think the statute had no such purpose, but was intended to operate on all oral lease contracts, no matter for what period, and convert them into monthly tenancies. If the defendant had taken possession of the premises under the verbal agreement with plaintiff's agents, probably the relation of landlord and tenant would have arisen in such sense that defendant would be liable for the reasonable value of the use of the premises, and his liability would have continued until he terminated it in the statutory mode. But defendant never took possession, and on the contrary before the time had arrived when he was to take possession, refused to carry out his agreement to become a tenant of plaintiff. The relation of landlord and tenant was not formed and, therefore, the present action, which depends on that relation, cannot be maintained. [Pacific Express Co. v. Tyler Co., 72 Mo. App. 151; Tincher v. Phillips, 37 Mo. App. 621; McKinley v. Railroad, 40 Mo. App. 449.] We will inquire further concerning the proposition advanced by counsel for plaintiffs. They insist all that was essential to create the

relation of landlord and tenant was an intention on the part of plaintiff to rent the premises to defendant, and an intention by him to take the premises; citing 1 McAdam, Lan. and Ten. 52. In our judgment this is a fallacious view of the case. It is apparent from all the testimony that neither plaintiff nor defendant understood the verbal agreement with Woolley & Fish was the contract which was to bring them into the relation of landlord and tenant. On the contrary, both understood the contract should be set forth in a writing stipulating for a definite term, which should be executed by the parties and thereupon said relation should arise between them. This being so, until the contract was executed there could be no such relation by virtue of the agreement it was to set forth; and in default of a contract the relation of landlord and tenant would not be implied by law until defendant took possession, thereby signifying a purpose to become a tenant. The author counsel for plaintiff have cited says where an agreement for a lease contains words of present demise and the circumstances show the tenant was to have an immediate legal interest in the term, the agreement will amount to an actual lease; but, on the other hand, though words of present demise are used, yet if it appears on the whole no legal interest was intended to pass, and the agreement was only preparatory to a future lease to be made, "the construction will be governed by the terms of the parties and the contract will be held not to amount to more than an agreement for a lease which equity will sometimes enforce." [McAdam, L. & T. (3 Ed.), sec. 59.] Another writer, in discussing the question of when an agreement for a lease will amount to a present letting, says if the understanding is a future formal lease is to be executed, that is a circumstance against a present letting. Further, that if there are no clear, explicit or unequivocal words of present demise, a provision for the execution of a lease in the future will usually be regarded as raising a presumption that the parties in-

tended the prior agreement as one for a lease and not as the lease itself. [1 Underhill, L. & T., sec. 176 and cases cited.] The same writer says, in the same section, the lessee's taking possession of the demised premises is of great force in showing the intention was to create an immediate tenancy. In the next section it is said if the language of the agreement amounts only to one for a lease and it is violated by either party, the opposite party will have a cause of action for any damages accruing from the breach and sometimes may file a bill in equity for specific performance of the agreement. We cannot think our statute which reduces verbal contracts for the demise of premises in a city to month to month demises, was enacted with a view to turn every verbal contract to give a written lease for a stated period into a monthly tenancy, if the party who is to be lessee in the written lease decides not to execute it. In our opinion such a contingency was not provided against by the Legislature, but the aggrieved party was left to his ordinary remedy for damages at law, or whatever extraordinary remedy he may have in equity.

The judgment is affirmed. All concur.