Orr v. McCurdy.

MARY J. ORR, Appellant, v. W. H. McCURDY, Respondent.

### Kansas City Court of Appeals, March 4, 1889.

1.  **Unlawful Detainer**: LEASE : WHEN NOT A DEFENSE OF. In an action of unlawful detainer, it is *no defense* that defendant rented the premises from the carpenter, who built the house and who, with the knowledge and approbation of the owner, signed, as agent, a receipt, dated July 26, providing that defendant should occupy the house and premises for one year, from August 1, and who also received from defendant several months' rent, and paid it to the owner, it appearing that he had no authority in writing from the owner to make such lease, or rental. Such rental being in parol only is, under the statute, a tenancy from month to month, and is terminated by a month's notice.

2.  ———— : DEFENSE OF : WHEN EQUITABLE LEASE : PART PERFORMANCE AND ESTOPPEL IN PAIS, NOT : JURISDICTION OF THE JUSTICE OF THE PEACE AND CIRCUIT COURT. Such a rental, at most, with possession and part payment of rent, constitutes only an equitable lease, and in equity, would only entitle the defendant to specific performance and estop the owner and his grantees. And the justice of the peace, and, therefore, the circuit court, on appeal, has no jurisdiction to entertain any such defense.

3.  ———— : REMEDY. In such a case defendant's remedy is to enjoin in a court of competent jurisdiction, the proceedings before the justice of the peace until his equities be determined.

*Appeal from the Jackson Circuit Court.*—HON. TURNER A. GILL, Judge.

REVERSED AND REMANDED.

*Scarritt & Scarritt,* for appellant.

(1) The memorandum or agreement, signed by Willock, as agent, should not have been admitted in evidence over the objection of the plaintiff, for the reason that neither Casper nor plaintiff authorized by writing

the making thereof, nor did either of them ratify by writing the making of the same. (2) The effect of this statute ( sec. 2509 ) cannot be evaded by the doctrine of part performance. This suit was instituted before a justice of the peace. Justices of the peace have no jurisdiction to hear or try any equitable proceeding. R. S. 1879, sec. 2837. No cause of action or defense can be presented in the circuit court on appeal, that could not have been urged before the justice. R. S. 1879, sec. 3058. "The relief afforded by this doctrine ( of part performance ), if obtained at all, must be sought for in equity. It will not be given in a court of law." Bishpam Eq., sec. 358, p. 443, and cas. cit. ; 1 Pom. Eq. Jur., sec. 103, p. 83. The subsequent confirmation or ratification of an act done by an authorized person, assuming to act as agent, must be of equal solemnity and of a similar mode to that required to confer authority before the act is done. Greenl. Ev., sec. 66 ; Am. and Eng. Enc. Law, p. 435, and authorities cited ; Ewell's v. Evans, Ag., p. 62 ; *Fosdick v. Goodin*, 1 Greenleaf, p. 34 , *Despatch Line v. Mfg. Co.*, 1 Humph. ( Tenn. ) 113. When the act of the agent was by deed, the ratification must also be by deed. *Ingraham v. Edwards*, 64 Ill. 526 ; *Blood v. Goodrich*, 9 Wend. 68 ; Fitch on R. E. Agts., p. 57 ; *McDowell v. Simpson*, 3 Watts ( Pa.) 129 ; *Judd v. Arnold*, 34 Minn. 430, 18 N. W. Rep. 151 ; Brown St. Frds., sec. 17. The memorandum constitutes an agreement for a longer time than one year. The duration is computed from the time of making the contract. *Briar v. Robertson*, 19 Mo. App. 66 ; *Sharp v. Rhiel*, 55 Mo. 97.

*C. W. Freeman*, for respondent.

The memorandum or agreement, signed by Willock, as agent, though he may not have had any previous authority in writing from his principal to do so, is such an act of the agent as may be ratified by the principal

Orr v. McCurdy.

by parol. 1 Par. on Cont. (5 Ed.) 52. Our statute does not require leases to be under seal; hence the rules applicable to sealed instruments do not apply in this case. Story Ag., secs., 47, 48, 49, 252-253; 1 Pars. on Cont. (5 Ed.) p. 49. Appellant invokes the statute of frauds. If defendant on the trial could develop facts which would take the case out of the statute he certainly had the right to do so, especially in such informal proceedings as are had before justices of the peace, where no pleadings are required. Where it would work a fraud to enforce the statute, equity will relieve notwithstanding the statute of frauds. *Farrar v. Patton*, 20 Mo. 81; *White v. Watkins*, 23 Mo. 423; *Dickerson v. Chrisman*, 28 Mo. 134; 3 Pom. Eq. Jur., sec. 1409; 2 Story's Eq. Jur., secs. 761-2-3, *et seq.* "A parol lease for more than a year, though required to be in writing, will be withdrawn from the operation of the statute of frauds, and become valid for the term specified, if the lessee took possession and has paid rent according to the terms of the lease." *Grant v. Ramsey*, 7 Ohio St. 165; *Jones v. Peterman*, 3 S. & R. 343. "If possession has been given under such an agreement, it will be considered as a part performance, and will take it out of the statute of frauds." Taylor's L. & T. (8 Ed.) sec. 32; Taylor's L. & T., sec. 49. What possession deemed such part performance as will take a parol contract out of the statute of frauds. *Charpiot v. Ligerson*, 25 Mo. 63; *Tatum v. Broker*, 51 Mo. 148; *Park v. Baron*, 20 Mo. 85; *Townsend v. Hawkins*, 45 Mo. 286; 7 Wait Act. & Def., pp. 12, 40. The defendant may set forth by answer as many defenses and counter-claims as he may have, whether they be such as have been heretofore denominated legal or equitable or both. Bliss on Code Pl., sec. 347.

SMITH, P. J.—This was an action of unlawful detainer. The facts disclosed by the record are that

Willock, a carpenter and contractor, completed a dwelling house for Casper in Kansas City which he with the knowledge and approbation of Casper rented to defendant for a year. McCurdy went into posession under the agreement paying Willock rent till September 1, following and taking from him a receipt in which was this clause: "it is hereby agreed that the said McCurdy shall have and occupy the above described house and premises for the term of one year from August 1, 1886, for the consideration of thirty-five dollars per month which he agrees to pay each month.

(signed) "S. B. WILLOCK, agent."

McCurdy paid his rent monthly until January 1, 1887, to Willock who paid the same over to Casper. In December, 1886, the plaintiff purchased the said property of Casper taking his deed therefor, and, finding that McCurdy claimed the right to continue in the possession thereof under said Willock's agreement, she mentioned this fact to Casper who stated that he did not know there existed such an agreement and that he had not authorized the making of the same. Willock did not pretend to have any authority from Casper to execute this agreement, but did say that he was authorized to rent the property for a year to defendant and that he had collected several months' rent and paid it over to Casper. It seems clear that Casper knew that McCurdy was in posesion of the property under the letting by Willock.

There was evidence of a demand for the possession by both Casper and plaintiff. There was some other evidence which need not be stated.

The plaintiff in January, 18..7, commenced an action against defendant for unlawful detainer before a justice of the peace from whose judgment an appeal was taken to the circuit court, where there was a trial *de novo* upon the facts about as has already been stated. The plaintiff asked two instructions which in effect told the jury that

they must find for the plaintiff, unless they found that the agreemeent under which defendant claimed possession of the premises was signed by Casper or his agent authorized in writing to sign the same ; and (2) that the agreement was for a longer time than one year and unless they believe that it was signed by Casper or his agent lawfully authorized by writing, then said agreement was no defense.

The court for defendant gave two instructions, the first told the jury in effect that if they believed the defendant was guilty as charged in the complaint, then the measure of damages for such unlawful detention was the value of the premises for the term they were so unlawfully detained from plaintiff. The second instruction told the jury that, if they believe from the evidence that in August or September, 1886, Henry Casper was the owner of the property in controversy ; that about that time one S. B. Willock, the agent of said Casper, rented the property to defendant for the term of one year, and gave to him the written agreement introduced in evidence, signed by defendant and said Willock as agent ; that defendant was put in posession of said premises by said Willock under said agreement ; that said Casper, at the time or at any time thereafter and before the sale of said property to plaintiff, knew of said renting in writing and the terms thereof, and received rent thereunder from defendant ; that said Casper, with full knowledge of the terms of said written instrument, and with the knowledge that defendant was holding under said writing and paying rent thereunder, consented to, ratified and approved of said writing, then plaintiff cannot recover in this action. The circuit court refused the instructions asked by plaintiff and gave those asked by defendant.

There was a verdict for the plaintiff, and judgment accordingly. After an unsuccessful motion for a new trial the plaintiff prosecuted his appeal to this court from said judgment.

I.   This action has for its foundation section 2420, Revised Statutes.   The defence was the written lease, part performance and estoppel *in pais*.

The question which we are called upon to decide is whether the justice of the peace, or the circuit court, had jurisdiction to entertain this defence.

The statute is that no cause of action or defence can be presented in the circuit court on appeal that could not have been urged before the justice of the peace.   R. S., sec. 3058.

Unless the defendant can protect himself under the provisions of said lease which was for a longer period than a year, he was but a tenant at will ( R. S., sec. 2509), and that such tenancy was subject to be terminated on a months' notice.   R. S., sec 3078.   Conceding that a lease under the law need not be under seal and that ratification by parol is sufficient for its execution (*Gray v. Ihm*, 3 Mo. App. 588 ), does this help the defendant out of his predicament?

In Taylor's Landlord and Tenant, section 31, it is stated that, "although a parol agreement to grant a lease may be void under the statute, it will be inforced in equity when there has been a substantial part performance of it though on the part of the plaintiff only.   If possession has been delivered under the agreement it will be considered as a part performance." And so too when he has paid rent according to the terms of the lease.   *Grant v. Ramsey*, 7 Ohio St. 165. In Brown on the statute of frauds, section 451, it is stated " that it is settled by a long series of authorities that part execution of a verbal contract within the statute of frauds has no effect *at law* to take the case out of its provisions but this of course does not apply to those jurisdictions where law and equity powers are all merged in the courts sitting nominally as courts of law."    Lord REDESDALE, in *Oherlihy v. Hedges*, 1 Schoales & L. 130, is reported to have said that, "The

ground on which a court of equity goes in cases of part performance is that sort of fraud which is cognizable in equity only.''

The theory upon which this cause was tried was that the acts and conduct of Casper in respect to said lease were such as to estop him from denying the authority of Willock to execute it.

The proof of these facts would justify a court of equity in using its powers in cases of equitable estoppel in withdrawing the case without the operation of the statute of frauds. Brown Frauds, secs. 457–458.

Numerous cases have been cited by counsel for defendant to show, that where facts are developed at a trial which would work a fraud to enforce the statute of frauds, that equity will relieve notwithstanding that statute. This is the well setttled doctrine of equity in this state. *Freeman v. Patton*, 29 Mo. 81 ; *White v. Watkins*, 23 Mo. 423 ; *Dickerson v. Chrisman*, 28 Mo. 134.

The case here is that the agent had no sort of authority to bind his principal by a written lease. The grantee of the principal offered that lease in evidence, accompanied with proofs which tended to show that the principal by his acts and conduct in relation thereto recognized the lease and thereby occupies a position not different from that, if he had signed it or authorized it to be signed by the agent.

That defendant went into possession of the premises and paid the rent under the lease to Willock who paid it to Casper who received it with full knowledge of the fact, seems pretty well established. These facts ought in equity to constitute an estoppel. *Ensel v. Levy*, 19 N. W. Rep. No. 7.—597. Neither Casper nor his grantee the plaintiff in a court of equity are in the position to invoke the statute of frauds. In an action for specific performance or in a defense when part performance is pleaded, in a proper jurisdiction those facts

would take the lease without the statute of frauds. But the defendant has sought to make this defense in a court of law possessing a limited and inferior jurisdiction, in a court precluded by statute from the exercise of equitable jurisdiction.

In *Ridgeway v. Stillwell*, 28 Mo. 400, which was an action for unlawful detainer when the defendant undertook, to show a part performance of the parol contract, under which he claimed possession, to take it out of the operation of the statute of frauds, and to entitle him to specific performance. The supreme court there said that the proceeding was for unlawful detainer commenced before a justice of the peace, who had no power to inquire and decide whether the contract ought to be enforced and to give equitable relief. •

If the defendant was entitled to have the parol agreement executed, his course was to have enjoined in a court of competent jurisdiction the proceedings before the justice of the peace until his equities could be determined.

In *Hicks v. Martin*, 25 Mo. App. 359, where it was contended that the plaintiff ought not to recover because he was present when the lease from Martin to defendants was executed, and the defendants refused to have inserted a clause in their contract with Martin similar to that between plaintiff and Martin, providing for a money rental for the corn crop, and that the plaintiff standing by and in effect consenting thereto is now estopped from insisting on the statutory liability to defendant, we held that the answer in this contention was " that the proceeding had originated before a justice's court and that such courts have no jurisdiction over the question of an estoppel *in pais*. That is a defense peculiar to equity jurisprudence which justices of the peace do not exercise." In *Willis v. Stephens*, 24 Mo. App. 494, which was an action of forcible entry and detainer, we held that an instruction based upon the theory of an estoppel *in*

*pais* constituted an equitable defense cognizable in a court of equity jurisdiction and that justices have no such jurisdiction.

It follows from what has been said that the theory of the defendant's second instruction, based as it was upon an estoppel *in pais*, was erroneous and that such a defense cannot be made in a justice's court or in the circuit court on appeal. In this view of the case it becomes unnecessary to notice the other points made in the case, With the concurrence of Judge ELLISON, Judge GILL not sitting, the judgment is reversed and cause remanded.