Robards v. Clayton.

JOHN L. ROBARDS, Appellant, v. JOHN E. CLAYTON *et al.*, Respondents.

### St. Louis Court of Appeals, May 3, 1892.

**Pleading**: BILL OF INTERPLEADER. It will not be sufficient for a bill of interpleader to state that the defendants make conflicting claims to the same fund in the hands of the plaintiff stakeholder, and that the plaintiff does not know to which of them to pay the fund. The bill will be bad on demurrer, unless it states the nature of these conflicting claims sufficiently to show a color of right to the fund on the part of each claimant.

*Appeal from the Pike Circuit Court.*—HON. E. M. HUGHES, Judge.

AFFIRMED.

*John L. Robards,* for appellant.

*Harrison & Mahan,* for respondent Clayton.

ROMBAUER, P. J.—The plaintiff filed a bill of interpleader against the defendants, who, as he alleges, are claimants to a certain fund in his possession. The bill asks for leave to pay the fund into court, and for an order directing the defendants to interplead. The defendant, John B. Clayton, who is alleged to be the representative of one of the classes, filed a general demurrer to the bill; the other defendants answered. The court sustained Clayton's demurrer, and the plaintiff declining to plead further, the court dismissed the bill as to all of the defendants and rendered judgment for costs in their favor against the plaintiff. From that judgment the plaintiff appeals.

The plaintiff's bill states that one John B. Helm, and his wife, Mary, placed into his hands as trustee,

in the year 1871, the sum of $500 to be held, managed and disposed of, according to the terms of the following trust declared in writing: "To be used for the purpose and under the conditions now to be mentioned, viz.: The said sum to be put and kept at interest until the second son of J. L. and Sarah C. Robards, who has this day received, in the act of holy baptism, the christian name of John Helm (he being eight years old), arrives at the age of sixteen years, when the interest, in whole or in part, at the option of the trustee, may be expended in securing for him, the said John Helm Robards, a good literary and classical education; and if, when he is twenty years old, or before he is twenty-two, he shall elect to become an itinerant preacher in the Methodist Episcopal Church, South, then any remaining interest, together with the principal ($500), shall be devoted to his theological preparation for that sphere, and here the trusteeship of J. L. Robards shall end; but if the same John Helm Robards should die before attaining the age of twenty years, or if he, on reaching that age, should esteem it his duty to follow some other vocation in life, then the trustee, John L. Robards, shall devote the principal and remaining interest to the theological education of any other of my descendants who may be preparing for the ministry in the same church.

"On failing to find such party he shall settle the principal, with whatever of interest there may be, upon the Missouri Annual Conference of the Methodist Episcopal Church, South, which amount shall constitute a principal to remain intact, the interest of which shall go annually to the support of superannuated preachers, widows and orphans of that conference."

The bill then goes on to state that John B. Helm died June 1, 1872, and John Helm Robards, June 28,

1872; that the plaintiff has kept and invested the fund since it was placed into his hands; that he disclaims any interest therein, and is now ready and willing to account for it to whoever may be entitled to it, and was always willing to do so, but that there are various claimants to said fund, and the plaintiff does not know which of them is so lawfully entitled to it, and, hence, prays for permission to pay the fund into court, and to be discharged upon his so doing from his trusteeship, and any further liability on account thereof.

The bill also states that the claimants to the fund are as follows:  *First.*  The descendants of John B. Helm and Mary Helm, his wife.  *Second.*  John B. Clayton, a descendant of John B. Helm.  *Third.*  The trustees of the conference fund of the Methodist Episcopal Church, South, which is now a corporation.  That each of these classes claims to be lawfully entitled to the fund, and has demanded the same of him, and that John B. Clayton has actually instituted suit against him for its recovery.  The title of said John B. Clayton is stated as follows:  "That the defendant, John B. Clayton, is a descendant of said John B. Helm, and did, on the sixteenth day of April, 1889, also claim to plaintiff that he was entitled to said trust fund under the provisions and conditions of said written trust and did demand of plaintiff payment of the same to him."

We have no statutory provisions governing the proceedings in equity upon a bill of interpleader, and, hence, are remitted to the rules of chancery courts to determine whether this bill is subject to general demurrer as not stating a cause of action.  A bill of interpleader "is ordinarily exhibited, where two or more persons claim the same debt, or duty, or other thing, from the plaintiff, by different or separate interests; and he, not knowing to which of the claimants he ought of right to render the same debt, duty or other thing,

fears that he may suffer injury from their conflicting . claims, and, therefore, he prays that they may be compelled to interplead, and state their several claims, so that the court may adjudge to whom the same debt, duty or other thing belongs." Story on Equity Pleading, sec. 291. If the bill should affirmatively show that neither of the defendants is entitled to the money, it will be bad on demurrer (*Barker v. Swain*, 4 Jones' Eq. (N. C.) 220), and if it shows affirmatively that one of the defendants is entitled to the money to the exclusion of others, it will be bad on demurrer. *Shaw v. Coster*, 8 Paige, 339. In either of these cases any of the defendants may demur.

While the respective claims need not be stated with such exactness as the defendants themselves may be required to state them after they are required to interplead (*Lozier's Ex'rs v. Van Saun's Adm'rs*, 3 N. J. Eq. 325), certainly they must be stated sufficiently to give a color of right to each of the defendants. We assume that no case can be found where a simple statement that the plaintiff holds a certain fund as trustee, and that two or more persons claim it as the beneficiaries of the trust, without more, was held a sufficient statement to maintain a bill of interpleader against the alleged claimants.

Now, if we apply the law thus stated to the plaintiff's bill, it necessarily results that the bill is bad on demurrer. It does sufficiently appear from it, by inference at least, what claim the trustees of the conference fund of the Methodist Episcopal Church might assert to it, because, in default of other beneficiaries, they are the residuary beneficiaries; but it does not appear what the descendants of John B. Helm and Mary Helm have to do with the fund, nor what John B. Clayton, who is alleged to be a descendant of John B. Helm alone, has to do with it. The bill, as far as it states anything

touching them, affirmatively shows that neither of them has any title to the fund, and is not a proper defendant to a bill of interpleader.

As the judgment upon the demurrer is in its effect only a judgment of nonsuit, and as the bill shows that John B. Clayton has already instituted proceedings against the plaintiff, which proceedings are still pending, there is no reason why the plaintiff may not bring the fund into court in that proceeding and ask the parties to interplead therein, provided he can show good cause for an interpleader. As, however, there was no error in sustaining the demurrer to plaintiff's bill in this proceeding, the judgment of the court sustaining it, and dismissing the bill upon plaintiff's refusal to amend it, must be affirmed.

All the judges concurring, the judgment is affirmed.