MARGARETTA MILLER, Respondent, v. METROPOLITAN LIFE INSURANCE COMPANY, Appellant.

St. Louis Court of Appeals, December 8, 1896.

1. **Interplea:** JURISDICTION OF JUSTICE. A bill of interpleader is a strictly equitable proceeding of which a justice of the peace has no jurisdiction.

2. ———: APPEAL FROM JUSTICE: JURISDICTION OF CIRCUIT COURT. Nor can the circuit court entertain such bill on appeal from a justice.

*Appeal from the St. Louis City Circuit Court.*—HON. JOHN M. WOOD, Judge.

AFFIRMED.

*James M. Lewis* and *Thomas B. Harlan* for appellant.

Both plaintiff and Seib had color of title to the proceeds of the policy, and this is all that is necessary to entitle defendant to interplead the parties. *Wilkerson v. Metropolitan Life Ins. Co.*, 63 Mo. App. 404; *Same v. Same*, 64 *Id.* 172; *Roberts v. Clayton*, 49 *Id.* 608; 2 Am. and Eng. Ency. Law, p. 496.

The right of a defendant to interplead in a pending cause is recognized and established in this state. *Roberts v. Clayton*, 49 Mo. App. 608, 612; *Roselle v. Farmers Bank,* 119 Mo. 84; *Heusner v. Mutual Life Ins. Co.*, 47 Mo. App. 36; *Sherman v. Rockwood,* 47 *Id.* 336.

In a proceeding before a justice a defendant may interpose any defense he may have, whether it be legal or equitable in its nature. *State v. Hinze*, 45 Mo. App. 403; *Wolff v. Vette*, 17 *Id.* 36; *Sherman v. Rockwood*, 26 *Id.* 682; *Brown v. Brown*, 106 Mo. 611; *McFarland v. Mo. Pac. R'y Co.*, 125 Mo. 253.

*Louis A. Steber* for respondent.

Relief sought by a bill of interpleader must be strictly equitable relief. It could not, therefore, be cognizable before a justice of the peace. 2 Am. and Eng. Ency. Law, title, "Interpleader," 506; *Id.*, title, "Interpleader," 494; *Jefferson Co. v. Cowan*, 54 Mo. 237, 238.

The jurisdiction of a justice is confined within the statutes, and for his authority he must rely entirely on them, otherwise it will be denied. *Enslow v. Newland*, 22 Mo. App. 581; *Dillard v. Railroad*, 58 Mo. 74; *Jefferson Co. v. Cowan*, 54 *Id.* 237.

Interpleas are allowed before justices in attachment, but only because it is in the nature of a replevin engrafted thereon by statute. *Huiser v. Beck*, 55 Mo. App. 668. See, also, *Crow v. Stevens*, 44 *Id.* 137; *Springfield, etc., v. Glazier*, 55 *Id.* 95.

If the justice had no jurisdiction to try a bill of interpleader, the circuit court, on appeal, could have none. *Enslow v. Newland*, 22 Mo. App. 584; *Willis v. Stevens*, 24 *Id.* 503; *Hicks v. Martin*, 25 *Id.* 368; *Rankin v. Fairley*, 29 *Id.* 587.

ROMBAUER, P. J.—This is an action upon a policy of life insurance issued on the industrial plan. The action was instituted before a justice of the peace by the plaintiff, who is the beneficiary of the policy named in the application. The defendant interposed no defense to the merits before the justice, but it claimed

there, and afterward claimed in the circuit court where the cause was tried on appeal, that it was a mere stakeholder, and should be permitted to file a bill of interplea, requiring the plaintiff and one Seib, who was also a claimant of the money secured by the policy, to interplead as to whom the money was justly due. There was no pretense that the defendant had paid the money to anyone, but it was claimed that the policy was found in the possession of one Seib, who was the husband of the assured, and who under the terms of the policy and the fifth clause of the condition of insurance contained therein might assert a title to the amount of insurance, superior to plaintiff's title. By the policy the defendant agreed to pay the amount of insurance to the person or persons designated in condition 5, and such fifth condition is as follows:

"The production by the company of this policy and of a receipt for the sum assured, signed by any person furnishing proof satisfactory to the company that he or she is the beneficiary or an executor or administrator, husband or wife, or relative by blood, or connection by marriage of the assured, shall be conclusive evidence that such sum has been paid to and received by the person or persons lawfully entitled to the same, and that all claims and demands upon said company under this policy have been fully satisfied."

The circuit court declined to permit the defendant to file his bill of interpleader, on the ground that the action originated before a justice of the peace; that such magistrate had no jurisdiction to enter a bill of interpleader, which was a strictly equitable proceeding, and that the circuit court's jurisdiction in appeals from justices was not original but derivative, hence the circuit court was equally powerless to entertain the bill. The defendant excepted to this ruling, and offered no

evidence on the merits of the case. The plaintiff having made a *prima facie* case, the court rendered judgment in her favor. The defendant appeals, and assigns for error this action of the court.

It will be thus seen that two questions are presented for our consideration. *First*, has a justice of INTERPLEA; juris- the peace in the city of St. Louis under diction of justice. the act of 1891, jurisdiction to entertain a bill of interpleader, and, *next*, may the circuit court on appeal from a justice entertain such a bill? While the right to interplead was recognized to a limited extent at common law, the right on part of the stakeholder to cause contesting claimants for the same fund to interplead is a strictly equitable right, and has always been so regarded in this state. *Freeland v. Wilson*, 18 Mo. 380; *Hathaway v. Foy*, 40 Mo. 540; *Robards v. Clayton*, 49 Mo. App. 608. This proposition is not controverted by the appellant, but it claims that the restriction found in section 6124 of the Revised Statutes to the effect that no justice of the peace shall have jurisdiction to hear or try any strictly equitable proceeding "is not found in the act of 1891 specially applicable to justices in the city of St. Louis." That argument overlooks the fact that the latter act expressly provides in its eleventh section that "all existing provisions of law now applicable to justices of the peace, and the practice and procedure in their courts, shall be applicable in all respects to justices elected under this act." The act of 1891 does not contain any grant of jurisdiction to justices in equity proceedings, and in the absence of an express grant, we are not authorized to hold that the legislature intended impliedly to confer it by omitting the express prohibition contained in the Revised Statutes of 1889. It was held under the act of 1889, that a justice of the peace has no jurisdiction of an equitable action, such as the

settlement of partnership accounts (*Newberger v. Friede,* 23 Mo. App. 631), or of an equitable defense such as <span style="small-caps">Jurisdiction of circuit court.</span> an equitable estoppel *in pais* (*Hicks v. Martin,* 25 Mo. App. 359), and the jurisdiction of the circuit court on appeal from a justice is no greater than that of the justice. *McQuoid v. Lamb,* 19 Mo. App. 153.

The defendant calls our attention to *Wolff v. Vette,* 17 Mo. App. 36, where we held that the claimant of credits attached in the hands of a garnishee might interplead for them under the statute, while the garnishment cause was pending in the circuit court on appeal. That decision was based on the ground that proceedings is cases of interpleader upon attachment under the statute are in the nature of distinct suits, hence the claimant may file such a suit in any court having control of the property. There was nothing to prevent the defendant in this case to file an independent bill for an interpleader in the circuit court, either before or after the action instituted against it, provided that the facts warranted such a bill, but it could not inject a bill of interpleader by way of defense into the appealed action.

All the the judges concurring, the judgment is affirmed.