P. W. DeMoss, Respondent, v. Economy Furniture & Carpet Company, Appellant.

Kansas City Court of Appeals, March 7, 1898.

1. **Estoppel:** LANDLORD AND TENANT: COLLECTION OF RENT. The rule that where one has induced another to act on a certain state of facts he will be estopped from averring a different state of facts, will not be so applied as to prevent a landlord from collecting rent accruing before the rising of a given state of facts alleged by him in a former action.

2. ———: JUSTICES' COURTS: LANDLORD AND TENANT: INJUNCTION. Where a landlord sued his tenant for rent in a justice's court he can be enjoined from prosecuting said suit although appealed to the circuit court on the ground of an estoppel *in pais*, since the justice's court and, therefore, the circuit court, has no equitable jurisdiction and can not entertain such defense.

*Appeal from the Jackson Circuit Court.*—HON. C. L. DOBSON, Judge..

REVERSED AND DECREE ENTERED.

JOSEPH JOHNSON and KAGY & BREMERMANN for appellant.

(1) The first point we urge is that the petition does not state facts which entitle respondent to equitable relief, but shows upon its face that respondent is not entitled to the relief prayed. It is a fundamental principle that before equity will lend its aid, the party invoking it must show himself without adequate legal remedy. 3 Pom. Eq., secs. 1360–1365; Spitz v. Kerrfoot, 42 Mo. App. 77; Thias v. Senier, 103 Mo. 314. (2) And it makes no difference that plaintiff's adequate legal remedy has not been pleaded in defense,

for where, upon the hearing in an equity case, the plaintiff fails to make out a case entitling him to equitable relief, the petition should be dismissed. Sickle v. Watts, 94 Mo. 419; Humphrey v. Milling Co., 98 Mo. 542. (3) The learned trial court seemed to decide the case on the theory that the affidavit of Miller constituted an estoppel *in pais*, and this being true, respondent could not avail himself of this defense before a justice of the peace. This is true as an abstract proposition of law, but is not true as applied to the facts disclosed by this record. St. Louis v. Lumber Co., 98 Mo. 613; Blodget v. Perry, 97 Mo. 263; Lumber Co. v. Kruger, 52 Mo. App. 418. (4) The court below seemed to take the view that respondent was estopped by the conduct of its officers from asserting its claim for rents. There can be no estoppel unless the party making it has been caused to change his position to his detriment.

Meservey, Pierce & German for respondent.

(1). Respondent relied upon the position taken by B. Miller and appellant in the injunction suit dismissed on or about July 11, 1895, as set out in the affidavit of Miller and the statement made by counsel for Miller; and respondent acquiesced in the position taken by appellant in that suit, surrendered all further claim to the premises in dispute, dismissed his said suit, paid all costs, vacated said premises and occupied other premises and now appellant should be estopped from asserting an intention contrary to the natural and necessary import of its words which have been taken in their ordinary meaning and in good faith acted upon. Lumber Co. v. Kreeger, 52 Mo. App. 418; Churchill v. Lammers, 60 Mo. App. 244; Chouteau v. Goddin, 39 Mo. 229; Bank v. Frame, 112 Mo.

502; Schenck v. Sautter, 73 Mo. 46; Davis v. Wakelee, 156 U. S. 680; Orr v. McCurdy, 34 Mo. App. 418; Willis v. Stevens, 24 Mo. App. 494; Hicks v. Martin, 25 Mo. App. 359. (2) This defense is one proper for the consideration of a court of equity and can not be set up as a defense in a suit at law. Michael v. Olmstead, 15 U. S. 580; Burnes v Scott, 117 U. S. 582; Orr v. McCurdy, 34 Mo. App. 418; Willis v. Stevens, 24 Mo. App. 494; Hick v. Martin, 25 Mo. App. 359.

SMITH, P. J.—This is a suit in equity. It appears from the record before us that the plaintiff on the twelfth day of January, 1892, by the terms of a written contract leased of the defendant a certain store room at a rental of $75 a month, payable monthly in advance; that plaintiff continued in the possession of the premises under the lease until the expiration thereof, and after the expiration thereof still continued in the possession as tenant from month to month at the same rent payable monthly in advance. It further appears that in the fall of 1894 the plaintiff sublet a part of the premises to one Forquer. Whether the plaintiff and Forquer did or did not conduct a partnership business on the said premises is, we think, unimportant to inquire since we are satisfied from the evidence that during this joint occupancy thereof by them that the former alone sustained the relation of tenant to the defendant. While there is some conflict in the evidence, yet in looking at it in its entirety we are unable to resist the conclusion that the plaintiff's possession continued without any break or interruption from its inception under the written lease until he was deprived thereof by Forquer on July 2, 1895. It further appears that on July 3, 1895, the plaintiff filed a petition in the circuit court praying

<span style="font-variant: small-caps">Statement</span>

the award of the injunction process of that court against Forquer and the defendant herein to restrain them from refusing to surrender to him the possession of said premises, and from in any manner interfering with his possession thereof, etc.

It was admitted at the hearing of the present case that the answer filed in the injunction suit just referred to and the affidavit of one B. Miller, the secretary and treasurer of the defendant, who seems to have been its general agent, which was not filed though prepared to be used at the hearing of the application for the temporary restraining order, were, in substance, the same. These papers are to the following effect: "Plaintiff remained in possession to the first of April, 1895, at which time he informed this affiant that he had quit the occupancy of the premises and would neither occupy it nor pay rent for it any longer; that affiant might be able to rent it to Joseph Forquer; that affiant thereafter rented it for said company to said Forquer for $75 per month, and he, Forquer, took possession thereof and is still in possession thereof; that the said Forquer has ever since occupied said premises and paid the rent therefor, under said agreement, to this affiant, agent for said company; that the said plaintiff, DeMoss, has never had any control or agreement or arrangement with this affiant, either as agent of said company or in his individual capacity, since he, the said DeMoss, surrendered the said premises on the last day of March, 1895, and is not a tenant of this affiant or of said company's in any sense of the word; that he, this affiant, has had nothing to do with him since said time, and has not interfered with him or his agent or property since then in any manner whatever."

It is conceded that the affidavit of Miller was exhibited to the plaintiff's council before the hearing of

the application for the preliminary injunction was begun. It appears that the counsel for plaintiff, on reading the affidavit, became impressed by it with conviction that his proceeding for the injunction would be futile and thereupon he dismissed the same. As soon as the order of dismissal was entered of record plaintiff quit the said premises. The sheriff, under a judicial writ, took possession of the same with the property of Forquer therein found. Afterward the defendant brought suit against the plaintiff before a justice of the peace to recover the sum of $80, the same being for the rent claimed for the months of June and July, 1895. The case was removed by appeal to the circuit court, where the same is now pending.

The petition in this case prays for an order restraining the plaintiff—defendant herein—in the action just mentioned from prosecuting said action against the defendant therein—plaintiff herein, etc.—on the ground, *first*, that the defendant should be estopped by reason of the facts hereinbefore briefly alluded to, from asserting in that action that the plaintiff was a tenant of defendant, and, *second*, that plaintiff ought not in equity be compelled to pay said rent or any part thereof, etc. The court below decreed for plaintiff in accordance with the prayer of his petition.

It seems to us that the decree is broader in its scope than it should be. It appears that the plaintiff owed defendant the sum of $5 on account of the balance of the rent remaining unpaid for the month of June. The rent for July was unpaid though the plaintiff himself remained in the uninterrupted possession during the first day of the succeeding month of July, and his tenant Forquer's occupation continued some ten or more days longer. The defendant in his action claims that the plaintiff is indebted to him not only for the balance of the rent due for the month of June, but

the $75 rent for the month of July. The plaintiff, as already indicated, insists that the defendant is estopped to claim the amount of the rent sued for in its action at law.

It is clear the defendant presumably intended by its said statement to influence the conduct of the plaintiff and to actually lead him into a line of conduct which must be prejudicial to his interests unless defendant be cut off from the power of retraction. As said by us in Lumber Co. v. Kreeger, 52 Mo. App. 418, the rule has been long and firmly established that where one by his words or conduct willfully causes another to believe in a certain state of things and induces him to act on that belief so as to alter his own previous position the former is concluded from averring a different state of things as existing at the same time. Or, as further said by us in Rosenthal v. Jenkins, 67 Mo. App. 299, on authority of Bigelow on Estoppel, page 570: "The rule is fundamental that unless the representation of the party to be estopped has also been acted upon—the other party acting differently, that is to say, from the way he would have acted so that to deny the representation would prejudice him, no estoppel arises." It will not be pretended that the plaintiff would have dismissed his injunction suit and quit possession of the premises but for the said statements contained in the said answer and affidavit. Nor will it do to say that these statements were not such as would justify a prudent man to act upon them. The evidence, when tested by the rules just adverted to, is, as we think, quite sufficient to constitute an *estoppel in pais* and the only question is as to what extent it ought to operate or be available, as defense to the defendant's claim.

Now suppose the plaintiff did really act upon the

defendant's statement and was influenced thereby to act differently from what he otherwise would have acted, still, would it operate to his prejudice to allow the latter to gainsay said statement or, in other words, to now assert that the former was its tenant during the two months for which the rent is claimed? Certainly the plaintiff would not be prejudiced if the defendant were allowed to retract its statement as to the existence of the tenancy prior to the time of the coming into existence of the facts constituting the estoppel. The basic principle of equitable estoppel is that it encourages just and fair dealing and rebukes fraud. This principle can not be perverted to so apply to this case as to cut off the defendant's claim for the accrued rent. This would be manifestly unjust and inequitable. If the estoppel could be invoked to defeat a recovery of this small amount of rent that was unpaid at the time plaintiff quit, it could be invoked to defeat the recovery of any number of months' rent for the payment of which the plaintiff might have happened to be in arrears at that time. A court of equity will not compel defendant to accept as legal tender an *estoppel in pais* in payment of the plaintiff's rent that accrued prior to the happening of the occurrence giving rise to the estoppel. Manifestly the plaintiff's obligation to pay the monthly rent ought to continue until it was intercepted and terminated by the estoppel.

On the other hand it seems to us equally clear that after the plaintiff had been influenced by the defendant's conduct to dismiss his injunction suit and quit possession of the rented premises that it would be unjust and inequitable to allow the latter to retract its statement or assert to the contrary. This would be prejudicial to plaintiff. It would force him to pay rent for the premises when he did not occupy the same and when, too, his non-occupancy was occasioned by

the conduct of the defendant himself. Can it be that a landlord by swearing that one who is occupying his premises as tenant is not then such tenant and thereby influence the latter to quit the premises, can afterward be permitted to assert directly to the contrary and claim rent for the remainder of the tenant's unexpired term? Such a claim would be obviously unjust and inequitable. A court of equity in such case would undoubtedly be authorized to afford relief against such an unconscionable claim upon the principle of estoppel. No good reason is perceived why as against so much of the rent as is claimed by defendant after the plaintiff quit the possession of the premises the latter may not successfully invoke as a defense thereto the doctrine of estoppel.

But in an action at law to recover the rent this defense is not available. As previously stated the defendant sued the plaintiff before a justice of the peace to recover the rent claimed and that that suit is now pending in the circuit court, but the jurisdiction of the latter court in the case is derivative and not greater than that of the former. The defense of *estoppel in pais* is an equitable one and can not be entertained by a court like that of a justice of the peace whose jurisdiction is exclusively legal. Orr v. McCurdy, 34 Mo. App. 418; Sandidge v. Hill, 70 Mo. App. 71; Miller v. Ins. Co., 68 Mo. App. 19; Hicks v. Martin, 25 Mo. App. 359; Willis v. Stevens, 24 Mo. App. 494; Ridgley v. Stillwell, 28 Mo. 400. Our conclusion is that the decree of the lower court is proper as to all that part of the rent claimed by defendant after the happening of the occurrence out of which the estoppel arose and improper as to so much thereof as accrued prior thereto, or after plaintiff quit. The defendant should be allowed to prosecute his action against plain-

——: justices' courts: landlord and tenant: injunction.

tiff to recover the latter rent only and be restrained from in any way claiming or demanding a recovery for the former, or any part thereof in said action.

The decree of the circuit court will be reversed and a decree entered here in conformity to the views herein expressed by us. The other judges concur.