# CHARLESTON.

PARDEE & CURTIN LUMBER COMPANY V. ODELL *et al.*

Submitted April 4, 1916.   Decided April 11, 1916.

1. INJUNCTION—*Logs and Logging—Sale of Timber—Action for Price—Defense—Remedy at Law.*

   An agreement between seller and purchaser of timber taken by the former from a particular tract of land, the right and title to which is in controversy, that the purchaser shall hold the purchase money until such controversy is settled between the conflicting claimants by suit or otherwise, and not imposing any duty upon the purchaser in respect to such suit or settlement, constitutes a complete defense to such purchaser when sued by the seller for the purchase money, before the controversy between such conflicting claimants has been settled or judicially determined as contemplated by the contract, and a court of equity has no jurisdiction at his instance to enjoin the prosecution of such suit.   (p. 162).

2. INTERPLEADER—*Right to Interplead Adverse Claimants.*

   Nor can such purchaser by bill of interpleader or a bill in the nature of a bill of interpleader implead one of said claimants from whom he has previously purchased and paid for the same timber, and under whom he is occupying the lands on which that and other timber purchased is situated, and compel the claimants of said land and timber to litigate their title to land and timber in such suit. Under such circumstances the essential elements or conditions for a bill of interpleader are not present.   (p. 164).

3. SAME—*Appeal—Parties—Answer.*

   On such a bill of interpleader, the answer, without demurrer, of one of said claimants, challenging the jurisdiction of the court, is sufficient to give him right of appeal from an adverse decree against him, and to warrant this court in reversing the same for error therein.   (p. 166).

   (WILLIAMS, JUDGE, absent.)

Appeal from Circuit Court, Nicholas County.

Suit by the Pardee & Curtin Lumber Company against John A. Odell and others.   From the decree, the Gauley Coal Land Company appeals.

*Reversed in part, and decree entered for appellant.*

*Alderson & Breckinridge,* and *Brown, Jackson & Knight* and *Angus W. McDonald,* for appellant.

*Haymond & Fox,* for appellees Pardee & Curtin Lumber Co.: *G. G. Duff* and *W. C. Reddy,* for appellee Odell.

MILLER, JUDGE:

The plaintiff, in August, 1899, purchased from the defendant and appellant, Gauley Coal Land Company, the timber on a tract of 4,516.8 acres, known as the Maury land, the residue of a tract of 6,666⅔ acres, or the one-third allotted to Welch in the partition of 20,000 acres patented to Andrew Moore in 1794, the other thirds thereof going by said partition, one to Andrew Moore's heirs, and the other to McClungs. Later the lumber company took possession of the land and timber, occupying the land with its mills and lumber camps.

In 1909, while so occupying said land, plaintiff also purchased from the defendant Odell, the timber on an adjoining tract or tracts, the timber therefrom to be cut and delivered by him at the railway and skidways of plaintiff located on the land of appellant. After having so cut and delivered the timber on about 222½ acres, known as the home farm, and a part of the said Moore tract, Odell began to cut and deliver to plaintiff the timber on an adjoining tract of 40 acres, whereupon, on October 2, 1909, appellant notified both the lumber company and Odell, in writing, of its claim to said 40 acres and of the source of its title, and of its claim that said land constituted a part of the said Maury tract, the timber on which had been sold and included in its deed to plaintiff therefor, and that said timber then belonged to the lumber company by virtue of said deed; and the lumber company was thereby also specially notified "not to make any arrangement with John A. Odell for the cutting and delivering to you of this timber unless such arrangement shall recognize our ownership of the land, and your ownership of the timber as aforesaid."

The present bill, in the nature of a bill of interpleader, filed March 27, 1912, makes Odell and the Gauley Coal Land Company parties defendant. It alleges the purchases by it from defendants of the timber, as stated, but gives more in detail the terms and provisions of its contracts. It acknowl-

edges said notice from appellant, and alleges that thereafter plaintiff and Odell agreed, in substance, that Odell should be paid by plaintiff $3.50 per thousand feet for cutting and skidding the lumber from said 40 acres, amounting to $693.63, and which was paid him, and that $1,020.57, the residue which it was ascertained and agreed would be due Odell if it should be finally determined that said 40 acres belonged to him, should be retained by plaintiff until the dispute as to the title between him and the said Gauley Coal Land Company should be settled.

And plaintiff further alleged as a basis for the injunction prayed for that Odell, disregarding his aforesaid agreement, had on the --- day of December, 1911, instituted in the circuit court of Nicholas County, his action in assumpsit against it, seeking to recover the balance alleged to be due him for said timber, and which was being held by it under said agreement.

It is furthermore alleged that as plaintiff had no interest in the land, except in the timber as granted by appellant, and certain rights of way over and upon the land for removing the timber, it had no power, as advised, to sue to test the title to the same, and that in its contract with Odell, aforesaid, it was not contemplated that plaintiff should institute any action or proceeding whatever to settle the title thereto, but that such dispute should be settled between Odell and the Gauley Coal Land Company, and that if it should be determined that said land belonged to the said company then no part of said sum so retained by it on account of the price of said timber should be paid to Odell; and it is also alleged that if said 40 acres belongs to appellant, plaintiff had already paid for the said timber thereon, and in evidence thereof plaintiff exhibits its contracts with appellant.

And being without remedy save in a court of equity, as it further alleges, plaintiff says it is advised that it has a right to require defendants, Odell and Gauley Coal Land Company, to proceed to settle the dispute between them as to said 40 acre tract, and that it should not be again called upon to pay the price of the timber therefrom, unless by the agreement between the defendants, or by legal adjudication the

title thereto should be settled in favor of said Odell, in which event it would be entitled to call upon the Gauley Coal Land Company for the amount thereof paid to it.

And the prayer of the bill is that the defendants be required by legal proceedings or otherwise to settle and determine the said dispute, and that Odell be enjoined, restrained and inhibited from further proceeding with his said action in assumpsit until said dispute be settled, and for general relief.

On the filing of the bill a preliminary injunction was awarded substantially as prayed for, enjoining Odell from prosecuting his said suit at law.

Odell demurred to and answered the bill; the Gauley Coal Land Company answered only, but in its answer, alleging good title to the land, it denied any interest in the alleged contract between plaintiff and Odell, or any knowledge thereof except what is contained in the bill; it also alleged that it is advised it should not be required to litigate its title in this suit, nor in said suit of Odell against plaintiff, and protests that it should not be required to make any further assurances to plaintiff as to its title to said land and the timber thereon; that if said Odell has any claim to any part of said land he should be required to establish the same in a proper action in the proper tribunal, when it would be ready to defend its title thereto, and having answered it prayed to be dismissed without any other or further relief.

Odell's demurrer was overruled. Other pleadings and cross pleadings were filed or tendered, but in our view of the case it becomes unnecessary to further notice the same.

By decree of May 26, 1913, the first of the decrees complained of, it was, among other things, ordered that the Gauley Coal Land Company should, within sixty days from the date thereof, proceed against Odell by action in ejectment, or other action, as it might be advised, and prosecute the same diligently, and, that unless it should do so it should be deemed to have abandoned its claim of title to said 40 acre tract and the court would thereafter decree accordingly.

This decree also contains the following recital or finding: "And it appearing to the court that the title to the tract of

40 acres of land in the bill and other papers of this cause mentioned, is in dispute between the defendants, the Gauley Coal Land Company, and John A. Odell, and that the controversy between them in relation to the title to the said 40 acres is not so presented herein as to justify this court in proceeding to settle said dispute of title.''

By decree of February 3, 1914, the second of those complained of, it was further adjudged that as appellant had not proceeded against Odell as required by said former decree, and no proceeding has been instituted by Odell so as to excuse appellant therein, that as between Odell and Gauley Coal Land Company, the latter should be forever barred of any and all claim of right or title to the timber taken by the former from said 40 acres, and delivered by him to plaintiff, and that appellant should be likewise barred in an action against it by plaintiff to recover the price paid to it for said timber, such decree, however, not to be construed as determining said dispute as to the title further than as to the timber taken therefrom by said Odell. It was thereby also decreed that as Odell had agreed with plaintiff that it should retain the sum sued for by him, his action at law had been prematurely brought.

By a subsequent decree complained of, pronounced April 7, 1914, the same day the appeal from said decree of February 3, 1914, was awarded by this court, the court below on motion of said Odell directed said general receiver to pay over to Odell, less his commissions, fixed at $51.03, the said sum of $1,020.57, with interest collected, such commission to be also taxed as a part of the costs decreed to Odell against appellant.

That plaintiff's agreement with Odell, as alleged in the bill and proven, and found as a fact by the decree of May 26, 1913, constituted a complete defense to Odell's action against it, and that jurisdiction in equity as against Odell was not well founded, in law or fact, there can be no doubt. The bill alleges that by that agreement there was to be no obligation or duty upon the plaintiff to sue to settle the disputed title, and that Odell should not require payment of

the money retained until that dispute had been litigated or settled between the parties thereto.

⌐But can jurisdiction in equity be maintained upon any other ground? We are referred by counsel for plaintiff to section 1, chapter 107, serial section 4492, Code 1913. That section relates to interpleader in an action at law, a cumulative remedy given by the statute, but which statute, as held in *Runkle* v. *Runkle*, 112 Va. 788, 72 S. E. 695, neither limits nor affects the equitable jurisdiction by bill of interpleader.

The equitable remedy of interpleader, independent of statute, as decided in Virginia, and by this court, depends upon and requires the existence of the following elements, regarded as its essential conditions: "(1) The same thing, debt or duty, must be claimed by both or all the parties against whom the relief is demanded; (2) All their adverse titles or claims must be dependent upon or derived from a common source; (3) The person asking the relief (the complainant) must not have nor claim any interest in the subject matter; (4) He must have incurred no independent liability to either of the claimants, that is, he must stand perfectly indifferent between them, in the position merely of a stake-holder." *Runkle* v. *Runkle, supra; Stephenson & Coon* v. *Burdett,* 56 W. Va. 109.

Do these essential elements appear in pleadings or proof in this cause? We think not. With respect to the first, while both defendants claim the same land and the timber that stood thereon, appellant makes no claim to the money which plaintiff contracted conditionally to pay Odell. The land company has been paid by plaintiff every dollar due it for said timber, and claims to have put plaintiff in possession of the entire tract with rights and rights, of way for mills, roads, &c., as stated. Plaintiff's contract with Odell was made subsequently, and subsequent to the notice given by the coal land company to plaintiff and Odell. As to the second element, defendants' claims are adverse, not under the same title, though originally, until said partition, their lands belonged to the same person. With respect to the third element, plaintiff is not wholly disinterested because, fourth, it has incurred an independent liability or obligation to Odell,

controlled though it may now be by its subsequent contract with him. But it cannot be said to stand wholly and perfectly indifferent between them, and in the position merely of a stakeholder. As noted appellant claims no interest whatever in the money held by plaintiff under its contract with Odell.

But it is insisted that though not strictly such interpleader, the bill in this cause is in the nature of a bill of interpleader, and maintainable as such because of the alleged want of adequate relief at law. On authority of *Stephenson & Coon* v. *Burdett, supra,* a bill of interpleader and a bill in the nature of a bill of interpleader are governed by the same general principles. Plaintiff's interest in the timber is legal, not equitable, and there is no excuse for its invoking a court of equity on the theory of an outstanding equitable title. In the case at bar plaintiff was in possession of the timber sold it by deed from the coal land company, and also of its land as tenant under the provisions of its deed conveying the timber. The title and claim of Odell to any of the timber on the land of appellant was adverse. The dispute between the coal land company and Odell was solvable in a court of law to determine the true location of the common dividing line between the tract partitioned to Welch, and the tract allotted to Moore in the division of said 20,000 acres.

Such being the relationship of plaintiff to the conflicting claimants, this case, in so far at least as it seeks to have the defendants litigate their rights in a court of equity, falls clearly within the rules and principles enunciated in *Stephenson & Coon* v. *Burdett, supra.* It is suggested, however, that the bill in this case is broader than the bill involved in the cited case, in this, that it seeks to compel one or the other of the defendants to institute a suit at law, and thereby to enforce specific performance of plaintiff's alleged contract with Odell. But the Gauley Coal Land Company was not a party to that contract, and could in no way be involved therein. And as alleged Odell does not seem to have in terms agreed to take the initiative in bringing suit. Plaintiff, however, was entitled to hold the money until he did settle the dispute, thereby imposing the burden on him. We know of

no principle or rule of law, and we are cited to none, which would entitle one situated as plaintiff with respect to said contract, to go into equity to compel specific performance of the implied contract to sue to test the title. Odell's contract that payment of the money should be withheld until the title should be settled ought to furnish sufficient spur to him to proceed, and if he has neglected to do so, what equity has the plaintiff to assert against him justifying a suit for specific performance? And certainly there can be no justification for the decree against the Gauley Coal Land Company, arising out of that contract. So we are clearly of opinion that the court below was without any jurisdiction to pronounce the decrees complained of in favor of either the plaintiff or Odell against the Gauley Coal Land Company.

But it is said that the Gauley Coal Land Company did not demur to the bill, and that by its subsequent answer and proceedings, induced the errors, if any, in the decrees complained of. We see no merit in the suggestion. Its answer, quoted, was a sufficient challenge of the jurisdiction of the court. Besides, if without jurisdiction, even consent could not confer it. *Freer* v. *Davis*, 52 W. Va. 1. And according to that case a plaintiff who has without right invoked the jurisdiction of a court of equity is not estopped to complain on an appeal that the court had no jurisdiction to pronounce an adverse decree against him.

As the court below found and decreed that the case had not been so presented as to warrant it in adjudicating the title to the land, as between the coal land company and Odell, we do not see upon what principle it could undertake to adjudicate the title to the timber thereon. Such a decree we think is entirely without precedent.

As neither plaintiff nor Odell have appealed from, or cross assigned errors in either of the decrees complained of, we are not warranted in disturbing those decrees as between them; but in so far as said decrees or either of them undertake to implead the Gauley Coal Land Company, and to adjudicate its right, title and interest in and to said 40 acre tract, or to conclude or estop it in any way from asserting or maintaining its rights to the land or to the timber thereon,

and to adjudicate or give costs in favor of plaintiff or Odell against. it, or to in any way affect its rights in the premises, the same should be wholly set aside, reversed and annulled, and the bill dismissed. We are also of opinion that appellant should recover its costs in this court and in the circuit court in this behalf expended. And the decree we shall enter here will go accordingly.

Note on Rehearing: On rehearing counsel for Odell have assigned numerous cross errors. Counsel for the Pardee and Curtin Lumber Company have assigned none, but insist on the jurisdiction of a court of equity to grant the relief prayed for.

We have reconsidered our former holding on the question of jurisdiction, and for the reasons then given are not disposed to recede from the conclusions there reached. We think those conclusions are clearly right.

Respecting the cross errors now assigned by Odell, the Pardee and Curtin Lumber Company not complaining, we do not think he is now entitled to be heard thereon. After the amount agreed on as the balance that would be due Odell from the lumber company for the timber taken, when he should establish his title to the land, had been paid into the hands of the general receiver of the court, and he had raised all the points of error assigned on this hearing, and pending the application of the Gauley Coal Land Company for an appeal from the first decree, he appeared in the circuit court and procured the decree subsequently appealed from, directing the general receiver to pay over that money to him in discharge of his claim. And the petition of the Gauley Coal Land Company for the appeal from the latter decree alleges that the money had in fact been paid over to Odell by the general receiver before its appeal from the former decree was perfected.

Having thus been responsible for these errors, and obtained the benefit of these .decrees, the Pardee and Curtin Lumber Company not now complaining, we must decline to consider the cross errors assigned, agreeably to the rules and prin-

ciples enunciated in *McKain* v. *Mullen,* 65 W. Va. 558, and *Gay* v. *Householder,* 71 W. Va. 277.

The decree pronounced on the former hearing will, therefore, be our decree upon this rehearing of the cause.

*Reversed in part, and decree entered for appellant.*