# CHARLESTON.

UNITED FUEL GAS CO. *v.* CALDWELL, *et al.*

(No. 6703)

Submitted April 15, 1930. Decided April 22, 1930.

*Harold A. Ritz* and *B. J. Pettigrew*, for appellant.
*Thos. P. Ryan*, for appellee Stone.

HATCHER, JUDGE:

This appeal involves the sufficiency of a bill of interpleader. The circuit court sustained the demurrer thereto of defendant Fred Stone. The plaintiff declining to amend, the bill was dismissed.

The bill alleges that in 1906, C. S. Vandal executed an oil and gas lease on a tract of 405 acres in Roane county to the plaintiff's predecessor in title, which provided, among other things, that the lessor should have gas ''free for domestic purposes on the premises out of any surplus over and above what is necessary to operate the farm''; that later a gas well was drilled on the property which has since then produced gas continuously; that prior to the 10th day of May, 1920, Vandal conveyed the tract to M. P. and W. W. Ogden (subject to the oil and gas lease); that on May 10, 1920, the Ogdens conveyed to P. W. Caldwell the surface of 154 acres within the 405-acre tract, which conveyance contained the following provision: ''Party of the first part is to have free gas for domestic purposes from the gas well now on said land provided the free gas clause in the lease now covering said land provides free gas for more than one dwelling, otherwise the free gas right to remain with the residue of said tract of land and this clause to be null and void.'' Shortly after the execution of this deed, Caldwell demanded free gas of the plaintiff, and it extended to him that privilege for a dwelling located upon the 154-acre tract ''in accordance with the terms, conditions and provisions of said lease'' (as the bill recites); that in 1925, Caldwell and wife conveyed the surface of the 154 acres and all their rights therein to W. H. Engle and H. C. Geary, and on May 20, 1927, Engle and wife conveyed their interest therein to Geary; that the grantees of Caldwell have continued to use free gas in the dwelling on the 154-acre tract to the present time; that in August, 1927, the Ogdens conveyed to Fred Stone the surface of 120 acres, a part of the 405-acre tract, which conveyance Stone has withheld from record; that the plaintiff

is advised that his deed contains "some provision with respect to the free gas privilege; and that he has made demand upon the plaintiff to furnish him free gas under the provision of his deed. The bill recites another conveyance of a part of the 405-acre tract, but as no reference is made therein or claim thereunder to the free gas privilege, details thereof are unnecessary. The bill also alleges that one of the defendants is entitled to free gas under the agreement with Vandal, but "that by reason of the apparent conflicting and ambiguous clauses so contained in the said several deeds to the surface of said tract of land aforesaid, involving the right to the use of the free gas privilege, and the various transfers to the several defendants of parts and parcels of the surface of said boundary, this plaintiff does not know to which of the said several surface owners it should, under the terms and provisions of said lease, furnish free gas"; that it has not colluded with any of the claimants of the privilege; and that its only interest in bringing this proceeding is to ascertain which one is entitled to the privilege, and extend the same to him. The bill prays that a decree may be entered construing the several deeds, determining which of the claimants is entitled to the use of free gas and enjoining the use thereof by the other defendants.

The plaintiff contends that the bill has all the elements listed as essential to a bill of interpleader, in the opinion of *Pardee & Curtin Lumber Co.* v. *Odell*, 78 W. Va. 159, 164, 88 S. E. 419. That list is taken from a Virginia case which quotes from Pomeroy's Eq. Juris. (4th Ed.) § 1322. The first element in the list is: "The same thing * * * must be claimed by both or all parties against whom the relief is demanded." See also *Oil Run Petroleum Co.* v. *Gale*, 6 W. Va. 525; *Koppinger* v. *O'Donnell*, 16 R. I. 417, 16 A. 714; Bispham Pr. of Eq. (7th Ed.) § 422; 15 R. C. L. pp. 223, 224, § 5. It is true that both claimants here (Geary and Stone) are requiring free gas; but it does not appear that they contend for it under the same right, or that their claims are conflicting. Geary's demand is based on the theory that the Vandal covenant provided free gas for more than one dwelling on the 405-acre tract, and that he (Geary) is entitled thereto as a

grantee of the privilege to one of the (several) dwellings. It does not appear upon what specific right Stone bases his demand. The allegation that Stone's deed "contains some provision with respect to the free gas privilege" is not sufficiently definite to show that his claim is a rival to that of Geary. "In a bill of interpleader, the claims should be specifically set forth, so that they may appear to be of the same nature and character, and the fit subject of a bill of interpleader." *Varrian* v. *Berrien*, 42 N. J. Eq. 1, 3, 10 A. 875, 876. This rule does not require a meticulous statement of the several claims, but it does require that they be stated sufficiently to show "a color of right" to the same thing by each claimant. *Robards* v. *Clayton*, 49 Mo. App. 608, 611. The bill is deficient in this respect.

The list of essential elements given in *Pardee & Curtin Lumber Co.* v. *Odell, supra,* is not complete, however, because it does not include the element of uncertainty on the part of the stockholder, as to which is the rightful claimant. In order to maintain a bill of interpleader, "the plaintiff must be uncertain as to whom the right (in dispute) belongs." Sand's Suit in Equity 668; Mitford on Pl. *49; Beach, Mod. Eq. Pr. § 141; Pomeroy, supra. § 1328; Fletcher, Eq. Pl. and Pr. § 775; 11 Ency. Pl. and Pr. 461; 14 Stand. Ency. Pro. 174, 175. The mere assertion of a doubt is not sufficient. There must be reasonable ground for uncertainty arising on the facts alleged. "The old rule that the stakeholder is entitled to be removed beyond the shadow of all risk and that, in order to entitle him to the protection of the court, it is only necessary to establish that suits have been brought, or that claimants have threatened to bring them, no longer prevails, and it is now necessary to prove that such claims have some reasonable foundation and that there exists some reasonable doubt as to whether or not the stakeholder would be reasonably safe in the paying over the money." *Nassau Bank* v. *Yandes,* 44 Hun. (N. Y.) 55; *Wilmer* v. *Philadelphia & Reading C. & I. Co.,* 124 Md. 599, 609, 93 A. 157; 33 C. J. pp. 430, 431 § 16; 15 R. C. L. pp. 222, 223, § 3; Annotation 91 Am. St. Rep. 602. The uncertainty of the plaintiff here is caused, according to its

allegation, by "the conflicting and ambiguous clauses in the said several deeds. * * * involving the right to the use of the free gas privilege." The only *deeds* mentioned in the bill which refer directly to that privilege are (a) the one to Stone, and (b) the ones to Caldwell and his grantees. As the bill alleges no familiarity with the privilege clause in the Stone deed, plaintiff's uncertainty must be attributed solely to the claim in the Caldwell deed. The grant in that deed of free gas to the "party of the first part" is so patently a typographical error that counsel for plaintiff in oral argument conceded that it referred to the party of the *second part,* i. e. Caldwell. When the clause is so construed, it states as plainly as language can express that Caldwell should have free gas *only* if the covenant in the Vandal lease provided gas for more than one dwelling. Consequently, the right of Caldwell and his successors to free gas depends entirely on the extent of the privilege in the Vandal lease. Concerning that privilege, the plaintiff alleges no ambiguity. If plaintiff has no valid doubt as to the construction of the Vandal covenant, it should have none as to the grant to Caldwell. Its allegation of uncertainty is therefore without reasonable foundation, and the bill is again found wanting.

The judgment of the circuit court is accordingly affirmed.

*Affirmed.*